Tom KNECHT, et al., Plaintiffs,

v.

The CITY OF REDWOOD CITY, a California municipal corporation, Defendant.

No. C–86–5837–WWS.

United States District Court, N.D. California.

May 29, 1987.

Duane W. Reno, Susanne L. Clerc, Davis, Reno & Courtney, San Francisco, Cal., for plaintiffs.

Marie Corlett Blits, Michael L. Owens, Liebert, Cassidy & Frieson, San Francisco, Cal., for defendant.

## ORDER

SCHWARZER, District Judge.

*Introduction:*

Plaintiffs are fourteen Fire Captains employed by the Fire Department of defendant Redwood City. Plaintiffs filed this action on October 10, 1986 seeking wages allegedly due them under the overtime provisions of the Fair Labor Standards Act ("the FLSA" or "the Act"), 29 U.S.C. § 201 et seq. Defendant in its answer raised the affirmative defense that plaintiffs are exempt from the overtime provisions of the FLSA.

The FLSA requires payment of overtime compensation for hours worked in excess of a prescribed work week. The provisions of the FLSA governing the payment of overtime have applied to defendant since April 15, 1986. The Act does, however, exempt certain categories of employees, including those working in an executive capacity as defined in regulations promulgated by the Secretary of Labor. 29 U.S.C. § 213(a)(1).

Defendant contends that plaintiffs qualify as exempt executive employees. Under the applicable regulation, an employee earning not less than $250 per week holds executive status if the employee is paid on a salary basis, directs the work of two or more employees, and has as his or her primary duty the management of the enterprise or a customarily recognized depart-

ment or subdivision thereof. 29 C.F.R. § 541.1(f).[1]

Plaintiffs now move for partial summary judgment on the question whether they are "bona fide executive employees" and hence exempt under the Act. The sole issue raised by this motion is whether plaintiffs are paid on a salary basis. The parties do not dispute the evidentiary facts material to this question; the dispute is only over the conclusion to be drawn from those facts. Summary judgment under Fed.R. Civ.P. 56 is therefore appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Omar v. Sea–Land Service, Inc.*, 813 F.2d 986, 989 (9th Cir.1987); *Trustees for Alaska Laborers–Construction Industry Health and Sec. Fund v. Ferrell*, 812 F.2d 512, 515–16 (9th Cir.1987).

*Factual Background:*

The following facts are uncontradicted.

Fire Fighters and Fire Captains, known as line personnel, perform the manual tasks of fire suppression, emergency response, equipment maintenance and training. This work is the province of fire companies, each consisting of at least two Fire Fighters and one Fire Captain. Fire Captains act as working supervisors. In contrast, the Chief Officers of the Department perform managerial and administrative duties, in addition to commanding the operations at fires of any magnitude. These Chief Officers include one Fire Chief, one Deputy Chief and four Battalion Chiefs.

Line personnel are divided into three shifts or battalions. Every shift runs twenty-four hours, commencing at 8:00 a.m. The personnel on each shift are divided into four fire stations. One company is assigned to each fire station and shift. A Battalion Chief is in charge of each shift.

All Fire Department personnel account on time sheets for their hours. Line personnel must record on their time sheets all hours taken as vacation leave, sick leave or any other form of compensable or noncompensable leave. Fire Captains must account for each hour they work in order to be paid. Defendant also uses an hourly data base in processing the payroll for the Fire Department.

The Fire Chief and Assistant Chief work a regular forty-hour work week. All other personnel in the Fire Department work rotating twenty-four hour shifts during a twenty-four day work cycle. Their average work week consists of fifty-six hours. Line personnel work during the twenty-four day work cycle as follows:

X = twenty-four hour shift on

O = twenty-four hour shift off

XOXOXOX OOOOXOX OXOXOOO OOO

Both Fire Fighters and Fire Captains constitute a bargaining unit represented by San Mateo County Fire Fighters Union, Local 2400, International Association of Fire Fighters, AFL–CIO. The Fire Captains are subject to the Memorandum of Agreement ("MOA") between Local 2400 and defendant covering the period April 1, 1984 through the present time.

The MOA provides that both Fire Fighters and Fire Captains receive a set sum in compensation, referred to as a "salary", on a biweekly basis. The MOA further provides that line personnel are entitled to overtime pay at the rate of one and one-half times their regular pay rate or, upon request of the employee, an equivalent amount of compensatory time off for each tenth of any hour of work performed outside their normal duty hours.

Accordingly, Captains as well as Fire Fighters receive overtime on a tenth of an hour basis for all work done past the end of a shift. For example, if a Fire Captain must remain at a fire or perform administrative tasks past 8:00 a.m. at the end of a shift, he is entitled to receive overtime on a

---

1. 29 C.F.R. § 541.1(f) allows an employer to demonstrate an exemption under a so-called "short test" if its employees earn at least $250 per week. In addition to the "short test" in subsection (f), § 541.1 also provides a "long test" to establish exemption of employees earning between $155 and $250 per week. Because plaintiffs earn well over $250 per week, the short test governs in the present case.

tenth of an hour basis.[2]

About five out of every six paychecks received by Captains contain overtime pay, although the amount of overtime pay earned varies between Captains and from pay period to pay period.

The hourly rate for each Fire Captain is calculated by dividing his biweekly salary by 112 hours, the average hours a Fire Captain works per two week period.

Line personnel who have completed a twenty-four hour shift and are called back to work are paid at the overtime rate for a minimum of three hours plus for any additional time worked on a tenth of an hour basis. Holiday pay, vacation leave and sick leave are also calculated on an hourly basis. Fire Captains accrue twenty-four hours of sick leave for each month worked. Sick leave is used on an hourly basis. Should a Captain exhaust his accrued sick leave, the amount of time he remains absent from work is calculated in terms of hours.

If a Fire Captain exhausts his sick leave but remains absent from work for any part of a day, his pay would be docked on an hourly basis. Similarly, if he is tardy for work or leaves early on personal business without arranging for a replacement, he would also be docked pay on an hourly basis. It is undisputed, however, that since the FLSA became applicable to defendant on April 15, 1986, no Fire Captains have been subject to a pay reduction for a noncompensable absence. Nonetheless, defendant concedes that a Fire Captain's paycheck is in fact subject to reduction in the event that he is absent from work for less than a full day and his sick leave, personal leave or vacation time have been exhausted or are inapplicable to the absence. (Babb Declaration)

The parties are in accord in characterizing the biweekly "salary" provided for in the MOA as compensation for working all scheduled shifts in the month. Fire Captains are paid to be available for emergency response during a specific number of hours. They receive overtime pay for working beyond those specified times and hours and could be docked pay if they are absent for any part of a shift. Throughout their twenty-four hour shifts, Fire Captains must remain with their companies. When the line personnel in a fire company are not working in the field, they must remain at the fire station, including during meals and throughout the night. In contrast, Battalion Chiefs, although required to remain in radio or telephone contact throughout their twenty-four hour shifts, have much more freedom of movement while on duty. For example, they may return to their homes at dinnertime.

*Discussion:*

■ In applying these facts to the law, the Court is guided by the principle that "exemptions from the Act's coverage are to be narrowly construed and applied to those situations 'plainly and unmistakenly within its terms and spirit.' *Hodgson v. Colonnades, Inc.,* 472 F.2d 42, 42 (5th Cir. 1973)." *Shelton v. M.P. Ervin,* 646 F.Supp. 1011, 1017 (M.D.Ga.1986). Moreover, the employer bears the burden of proving that its employees are exempt under the Act. *Walling v. General Industries Company,* 330 U.S. 545, 548–49, 67 S.Ct. 883, 884–85, 91 L.Ed. 1088 (1966); *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Clark v. J.M. Benson Co., Inc.,* 789 F.2d 282, 286 (4th Cir.1986). Finally, to be entitled to an exemption the employer must demonstrate that its employees meet every aspect of the definition for an exempt employee. *Hodgson v. Barge, Waggoner & Sumner, Inc.,* 377 F.Supp. 842, 844 (M.D.Tenn.1972).

■ That the MOA between plaintiffs and defendant refers to Fire Captains' biweekly pay as a "salary" has little legal significance for purposes of determining whether Fire Captains are exempt employees under the FLSA. The question is

---

**2.** Although Fire Captains receive overtime pay under the MOA for six or more minutes worked in excess of their average fifty-six hour work week, they claim entitlement under the Act to overtime for work in excess of an average of fifty-three hours per week. *See* 29 U.S.C. § 207(k)(1).

whether plaintiffs are paid on a "salary basis" as that term is defined in 29 C.F.R. § 541.118. That regulation provides:

> (a) an employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

29 C.F.R. § 541.118(a).

Under the exceptions in § 541.118(a), deductions made when an employee is absent for a day or more for personal reasons or for sickness or disability if the employer has a disability plan do not affect the salaried status of an employee. § 541.118(a)(2) and (3).

However, deductions for absences shorter than a full day fall under neither exception in subsections (2) and (3). "A salaried professional employee may not be docked pay for fractions of a day of work missed." *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir.1983). *See also* U.S. Dep't of Labor, Wage and Hour Division, Letter Ruling of January 16, 1986 (*Fair Labor Standards Handbook,* at 70, March 1986) ("deductions from the salary of an otherwise exempt employee for absences of less than a day's duration for personal reasons, or for sickness or disability, would not be in accordance with sections 541.118(a)(2) and (3)"). A scheme of compensation in which an employer makes deductions from an otherwise predetermined amount for absences shorter than one day runs afoul of § 541.118(a)'s requirement that the amount not be "subject to reduction because of variations in the ... quantity of the work performed."

■ Defendant admits that plaintiffs' biweekly pay is subject to deduction for non-compensable absences of less than one day. That no Fire Captain has actually had his pay reduced as the result of a short-term absence since April 15, 1986 does not alter the undisputed fact that Fire Captains' pay checks are "subject to reduction" for such absences.

■ Defendant attempts to take refuge in subsection (6) of § 541.118(a). That subsection provides in relevant part:

> (6) The effect of making a deduction which is not permitted under these interpretations will depend upon the facts in the particular case ... [W]here a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future.

This provision does not, however, apply to the situation at hand. For an unauthorized deduction to have no effect on the exempt status of an employee, the employer must reimburse the employee for such deductions and promise to comply in the future. Here defendant has demonstrated no intention of altering its policy of making deductions for short term absences or reimbursing Fire Captains for those deductions. The exception in subsection (6) applies to one-time or inadvertent deductions, not to a settled policy of subjecting the pay of employees to reductions. *See* Letter Ruling of January 15, 1986, *supra,* (if "deductions are regular and recurring, we would question whether the employee is actually paid 'on a salary basis' and the exemption may be denied in all workweeks in which it is claimed, including those weeks when no deductions are made").

Defendant's policy regarding deductions alone defeats its claim that Fire Captains are exempt under the FLSA. Other aspects of defendant's pay scheme reinforce this conclusion.

**1312**

Fire Captains are paid to be available for a number of specified shifts. If they work longer than twenty-four hours on a shift, they receive overtime pay on a tenth of an hour basis.[3] Overtime pay is calculated by determining a Fire Captain's hourly rate and multiplying it by one and one-half. Although receipt of additional compensation besides a salary need not be inconsistent with a salary basis of payment, 29 C.F.R. § 541.118(b), compensation for minutes worked beyond a specified time is indicative of a wage basis of payment.

Moreover, charges against sick leave and vacation time are made on an hourly basis. Fire Captains must account on time sheets for every hour on duty or on leave; these time sheets are then used to determine the amount of biweekly pay. Unlike the situation in *Wainscoat v. Reynolds Electrical & Engineering Co., Inc.,* 471 F.2d 1157, 1160 (9th Cir.1973), defendant does not convert the salaries of all its employees to an hourly rate simply to facilitate the use of a data processing system. Rather, it is apparent from the undisputed facts that an hourly wage system undergirds defendant's scheme for compensating its Fire Captains.

In conclusion, defendant has not sustained its burden of proving that its Fire Captains are paid on a salary basis. Plaintiff Fire Captains therefore cannot be characterized as executives within the exemption of 29 U.S.C. § 213(a)(1). Plaintiffs are entitled to overtime wages as provided in the FLSA.

Counsel are directed to advise the Court within ten days what further proceedings are required in this action.

IT IS SO ORDERED.