**Ted L. BANKS et al.,**

v.

**CITY OF NORTH LITTLE ROCK.**

No. LR-C-88-87.

United States District Court,
E.D. Arkansas, W.D.

Aug. 2, 1988.

Jay Thomas Youngdahl, Little Rock, Ark., for plaintiffs.

Terry R. Ballard, Jim Hamilton, City Attorney's Office, North Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Pending before the Court is plaintiffs' motion for partial summary judgment. Defendant has responded. For the reasons set forth below, plaintiffs' motion will be granted.

Plaintiffs, employed as captains with the North Little Rock, Arkansas fire department seek to recover overtime wages on behalf of themselves and other consenting employees similiarly situated. Plaintiffs allege that since April 15, 1986, defendant has willfully and unlawfully denied plaintiffs overtime premiums due under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1). Defendant contends that pursuant to 29 U.S.C. § 207(k) and 29 U.S.C. § 213, said employees are exempt from the overtime provision of the Act.

Section 207(k) provides:

No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—

(1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or

(2) in the case of such an employee to whom a work period of at least 7 but not less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days,

compensation at a rate not less than one and one-half times the regular rate at which he is employed.

Section 213(a)(1) provides:

(a) The provisions of section 206 ... and section 207 of this title shall not apply with respect to—

(1) any employee employed in a bona fide executive, administrative, or professional capacity...."

29 U.S.C. § 213(a)(1) (Supp.1988).

Plaintiffs move for partial summary judgment on the issues of their coverage under the Act and whether a violation has occurred. Two principles govern the Court's consideration of this action. First, the defendant bears the burden of proving the applicablity of any exemption. *Knecht v. City of Redwood City*, 683 F.Supp. 1307, 1310 (1947). (citing *Walling v. General Industries Company*, 330 U.S. 545, 548–9, 67 S.Ct. 883, 884, 91 L.Ed. 1088 (1947)). Second, exemptions from the Act's coverage are to be "narrowly construed and applied [only] to those situations plainly and unmistakenly within [the Act's] terms and spirit." *Knecht* at 1310. With regard to the coverage issue plaintiffs state that they are not exempt because they are not paid on a "salary basis" as defined in 29 C.F.R. § 541.118(a):

(a) An employee will be considered to be paid 'on a salary basis' within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

Deductions made for the following reasons do not jeopardize "salary basis:"

1. When the employee is absent from work for a day or more for personal reasons other than sickness.

2. When the employee is absent from work for a day or more for sickness if the deduction is made in accordance with bona fide plan, policy or practice of providing compensation for loss of salary occasioned by both sickness and disability.

29 C.F.R. § 541.118(a)(2), (3).

It is undisputed that defendant docks the pay of captains and firefighters who are absent from work for less than one day and who have no leave, vacation-sick leave and personal leave days. Such a policy is not in compliance with section 541.118(a). *Knecht v. City of Redwood City, supra.* *Knecht* involved a similiar claim by Redwood City firefighters that they were unlawfully denied overtime premiums. The Court, relying on Redwood City's admission that plaintiffs' pay was subject to deduction for noncompensable absences of less than one day, stated: "[a] scheme of compensation in which an employer makes deductions from an otherwise predetermined amount for absences shorter than one day runs afoul of § 541.118(a)'s requirement that the amount not be 'subject to reduction because of variations in the ... quantity of the work performed.'" *Id.* at 1311.

Plaintiffs further contend that defendant's policy of paying captains overtime for hours they work beyond the end of a shift or on call back, is inconsistent with defendant's claim that plaintiffs are paid on a salary basis. The Court agrees. Payment of a fixed amount plus additional hourly wages for extra hours worked is not consistent with salaried status. *See Brock v. Claridge Hotel and Casino*, 846 F.2d 180 (3rd Cir.1988).

Defendant argues that deductions for less than a full day's absence will result in the loss of salary status for that workweek only and that such deduction must be regular and recurring before the employee loses his exempt status permanently. As support for its position defendant relys on two letter rulings in 1985 and 1986 by the U.S. Department of Labor, Wage and Hour Di-

vision. No copies of said letter rulings were provided for the Court's review. In any event, the Court is of the opinion that the authorities cited by plaintiff are more persuasive on this issue. Defendant further states that plaintiffs have shown no instances where a North Little Rock Fire Captain has been docked even occasionally. However, the Courts have held that, no such showing is needed:

> Defendant admits that plaintiffs' pay is subject to deduction for noncompensable absences of less than one day. That no Fire Captain has actually had his pay reduced as the result of a short-term absence since April 15, 1986 [the date that the Act became applicable to defendant] does not alter the undisputed fact that Fire Captains' pay checks are 'subject to reduction' for such absences.

*Knecht v. City of Redwood City, supra,* at 1310.

Defendant further argues that it docks captains' pay for absences of less than one day only when the absences are frequent or "chronic." However, there is no "frequent" or "chronic" absence exception to the rule that salaried employees' pay cannot be reduced for absences of less than one day without jeopardizing salary status.

Finally, defendant makes the following assertion in its response:

> It is not in accordance with the Defendant City's policy to dock North Little Rock Captains' time missed when his sick leave is exhaused; there is no written policy of this nature with regard to North Little Rock Captains; and it is not a common practice in the North Little Rock Fire Department.

Defendant's assertion is wholly unsupported and is in direct conflict with it's answer to plaintiffs' Interrogatory 13. *See* Plaintiff's Exhibit B. Defendant's assertion is also inconsistent with the deposition testimony submitted with its response to plaintiff's motion for partial summary judgment. The Court can not consider defendant's attorney's unsupported assertion.

The current standard for considering summary judgment is the one set out in the Supreme Court case of *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 106 S.Ct. at 2552.

Defendant has failed to carry its burden of proving that plaintiffs are exempt from the overtime provisions of 29 U.S.C. § 207(a)(1). And, having shown no such exemption, defendant is in violation of said statute. Accordingly, summary judgment on these issues is proper.

IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment be, and it is hereby, granted.

IT IS FURTHER ORDERED that counsel advise the Court within ten days what further proceedings are required in this action.