Freddie Lee HAWKS, et al., Plaintiffs,

v.

CITY OF NEWPORT NEWS, VIRGINIA, Defendant.

Civ. A. No. 88-41-NN.

United States District Court, E.D. Virginia, Newport News Division.

Dec. 12, 1988.

---

Thomas A. Woodley and Gregory K. McGillivary, Mulholland & Hickey, Washington, D.C., James W. Parker, Parker & Hunter, Hampton, Va., for plaintiffs.

Arthur G. Lambiotte and Michael A. Korb, Jr., City Attys. Office, Newport News, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

Plaintiffs are fifty-one current and former fire captains and fire lieutenants employed by the defendant City of Newport News. On April 4, 1988, plaintiffs filed this action seeking wages allegedly due them under the overtime provisions of the Fair Labor Standards Act (hereinafter FLSA), 29 U.S.C. § 201, *et seq.* Defendant, in its amended answer, raised the affirmative defense that plaintiffs are exempt from the overtime provision of the FLSA.

The FLSA requires payment of overtime compensation for hours worked in excess of a prescribed work week. 29 U.S. C. § 207. The FLSA provisions governing overtime compensation have applied to the defendant since April 15, 1986. The defendant alleges that plaintiffs are executive employees under 29 U.S.C. § 213(a)(1) and under the administrative regulations prom-

ulgated pursuant to the FLSA. The Court finds, however, that plaintiffs are not exempt executive employees because they are not paid on a "salary basis" as defined in 29 C.F.R. § 541.118(a).

This case proceeded to trial before the Court on December 5, 1988. The first witness offered by the plaintiff was Theresa Judkins, the Senior Payroll Clerk for the City of Newport News Fire Department. Although the fire captains and lieutenants are paid on a salary rather than on an hourly basis, Ms. Judkins testified that defendant's current policy requires that any fire department employee who exhausts all sick leave and vacation time is subject to having his/her paycheck docked on a per hour basis if that employee works less than a scheduled 24–hour shift. Ms. Judkins stated that this is the policy currently in effect and that she was not aware of any change or amendment. Ms. Judkins also testified that no fire department employee had actually had his/her pay docked as a result of this policy.

The defendant contends that plaintiffs are exempt from the FLSA because they are executives under 29 C.F.R. § 541.1. The Court initially notes that an "executive" within the meaning of the FLSA is defined as follows:

> The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee:
>
> \* \* \* \* \* \*
>
> (f) Who is compensated for his services on a salary basis ... provided, that an employee who is compensated on a salary basis at a rate of not less than $250 per week ... and whose primary duty consists of the management of the enterprise in which the employee is employed ... and includes the customary and regular direction of the work of two or more employees therein, shall be deemed to meet all the requirements of this section.

29 C.F.R. § 541.1(f).

The regulations define "salary basis" as a predetermined amount of compensation which "is not subject to reduction because of variations in the quality or quantity of work performed." 29 C.F.R. § 541.118(a). Under the exceptions to Section 541.118(a), deductions may be made when an employee is absent for more than one day for personal reasons, sickness or disability if the employer has a disability plan which does not affect the salaried status of an employee. 29 C.F.R. §§ 541.118(a)(2) and (3).

The Court finds, however, that defendant's current policy is that employees who have exhausted all accumulated leave balances are docked on a wages-per-hour basis for any absence of less than one day. The Second Circuit has held that, "A salaried professional employee may not be docked for fractions of a day of work missed." *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir.1983). Moreover, other district courts have found that such a policy runs afoul of Section 541.118(a). *Knecht v. City of Redwood City*, 683 F.Supp. 1307 (N.D. Cal.1987); *Banks v. City of North Little Rock*, 708 F.Supp. 1023 (E.D.Ark.1988) (UP); *Persons v. City of Gresham*, 704 F.Supp. 191 (D.Or.1988) (UP). *See also*, Letter Ruling of the Department of Labor, Wage and Hour Division, January 16, 1986 ("deductions from the salary of an otherwise exempt employee for absences of less than a day's duration ... would not be in accordance with Sections 541.118(a)(2) and (3)"). (Copies of the unpublished opinions and the Department of Labor letter are attached.) The district court in *Knecht* held that:

> A scheme of compensation in which an employer makes deductions from an otherwise predetermined amount for absence shorter than one day runs afoul of § 541.118(a)'s requirement that the amount not be "subject to reduction because of variations in the ... quantity of the work performed."

*Knecht*, 683 F.Supp. at 1311. While the above-cited precedents are not binding upon this Court in the sense that none are opinions of the Court of Appeals for the Fourth Circuit, the Court finds that such precedent is well reasoned in light of the applicable regulations and is therefore persuasive. No case law to the contrary has

been cited by the parties or found by the Court. The Court finds that the defendant's current leave policy, as testified to by Ms. Judkins, is contrary to the provisions of Section 541.118(a).

The defendant argues that plaintiffs may not avail themselves of this argument because the leave policy at issue was never actually applied to any plaintiff or to any employee of the Newport News Fire Department. The Court finds, however, that the testimony of Ms. Judkins clearly reveals that plaintiffs' paychecks are "subject to reduction" for such absences if insufficient vacation or sick leave has not been accumulated to cover the lost time. 29 C.F.R. § 541.118(a). *See, Knecht,* 683 F.Supp. at 1311; *Banks v. City of North Little Rock,* at 1025; *Persons v. City of Gresham,* 704 F.Supp. at 194–195. The Court is of the opinion that it is the defendant's policy which is under attack in a suit brought under the FLSA. The fact that the policy has not been applied to a particular group of employees does not alter the policy itself. Accordingly, this Court finds as a matter of law that plaintiffs are not salaried "executive" employees exempt from the provisions of the FLSA under the policy of the defendant as testified to by Ms. Judkins.

■ After Ms. Judkins testified, defendant attempted to offer into evidence a document purporting to show an amendment to defendant's leave policy dated December 1, 1988. The policy amendment was signed by the Newport News City Manager and stated, "Employees who are exempt from overtime and who have exhausted all accumulated leave balances will not have pay docked for any approved absence of less than one day." The amendment purports to be retroactive to April 15, 1988.[1] Counsel for the plaintiffs objected to admitting the policy amendment into evidence because he had no prior knowledge of such amendment, and because the document was not provided to plaintiffs pursuant to plaintiffs' discovery requests.

The defendant sought to introduce the policy amendment in order to invoke the savings clause contained in 29 C.F.R. § 541.118(a)(6) which provides:

[W]here a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future.

The defendant's retroactive policy amendment, if admitted into evidence, would create a defense which would preclude this Court from holding, as a matter of law, that plaintiffs are not exempt from the FLSA. Obviously, this was a critical piece of evidence which could and did substantially alter the outcome of the case. As stated, plaintiffs argued that this evidence was not admissible because it was not disclosed during the course of discovery.

Counsel for the plaintiffs stated that defendant was served with a Request for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure at the time of the filing of the Complaint. Plaintiffs' counsel argued that the Request for Production was continuing in nature. Defendant raised no objection to that characterization. The Court notes that plaintiffs' Request does not explicitly state that it is continuing in nature, but paragraph 17 of plaintiffs' Request asks for "All documents which the defendant anticipates presenting in connection with the disposition and trial of this proceeding." This paragraph clearly required defendant to disclose the amended policy prior to trial. The Court finds that plaintiffs' Request for Production, particularly paragraphs 1, 2, 3, 4, 10, 12 and 16, clearly compels disclosure of defendant's policy amendment.

The Court further finds that on November 18, 1988 a Final Pretrial Conference Order was entered which required both parties to submit a list and description of all exhibits which the parties may offer at

---

1. In order for defendant's policy amendment to invoke the savings clause in 29 C.F.R. § 541.118(a)(6), the amendment should be retroactive to April 15, 1986, the date when the provision of the FLSA became applicable to defendant.

trial (Rule 13 B, Local Rules of Court). The defendant's exhibit list appended to the Final Pretrial Order did not contain the policy amendment at issue. The Court finds that admitting defendant's policy amendment into evidence would significantly alter the issues in this case by establishing a defense which plaintiffs' counsel had no prior notice of. Plaintiff was therefore unable to conduct proper discovery in order to meet the defense.

Furthermore, at the final pretrial conference with the Court held on November 18, 1988, the plaintiffs and the defendant were each required to set forth in a Final Pretrial Order to be entered by the Court their factual contentions and their statement of the issues to be resolved. The plaintiffs clearly put in issue the City's policy of deducting pay on an hourly basis for time missed from work.[2] The defendant was clearly cognizant that the plaintiffs in preparing for trial were marshalling their efforts against the City's policy as they knew it to be. The defendant never suggested a change in policy in its factual contentions or statement of issues.

The last minute "change of policy" in the face of the immediately pending trial in this case which had been on the Court's docket since April 4, 1988 may be vulnerable to attack on several fronts. Such a "policy change" by the City Manager without action by City Council may be ineffective under the City's charter or ordinances. The question of whether state statutes could be involved would bear looking into. The sincerity of such a "policy change" at the last minute would require further inquiry as would the possibility of a reversal after the trial of a policy so expediently adopted. While the Court is not suspicious of the motives of the Newport News City Manager, it is the duty of plaintiffs' counsel to be so and to make appropriate inquiries through discovery. Plaintiffs' counsel should have been given that opportunity.

The Court does not find that counsel for the defendant deliberately concealed the policy amendment or otherwise intentionally violated the rules of discovery. Defendant's counsel informed the Court that he did not receive a copy of the policy amendment until December 5, 1988, the first day of trial. Accordingly, the Court finds that defendant's policy amendment is not admissible evidence in this case.

■ Finally, after the Court entered judgment for the plaintiffs, counsel for the plaintiffs made a motion for liquidated damages pursuant to 29 U.S.C. § 216. Section 216 provides:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

The employer is provided a defense to this double damage provision in the Portal-to-Portal Act, 29 U.S.C. §§ 251–262. An employer may avoid liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

The right to recover or not recover liquidated damages is within the sound discretion of the trial court. *Burnley v. Short,*

**2.** "The triable issues as contended by the plaintiffs are as follows:

1. Whether the defendant City of Newport News can establish that the plaintiff fire captains and lieutenants are employed in bona fide executive capacity, as described in 29 U.S.C. § 213(a)(1) and meet each of the tests for the statutory exemption set forth in Department of Labor Regulations 29 C.F.R. § 541.1(f), 29 C.F.R. §§ 541.101; 541.119?

a. Whether the defendant can establish that the plaintiffs are paid on a salaried basis rather than on an hourly basis as defined in 29 C.F.R. § 541.118?

(i) Whether defendant City's policy of paying plaintiffs on an hours worked, hours paid basis when plaintiffs exhaust their sick leave and vacation time confirms that plaintiffs are paid on an hourly basis?

(ii) Whether defendant's policy of deducting plaintiffs' sick leave and vacation leave on an hours used, hours deducted basis confirms that plaintiffs are paid on an hourly basis?"

730 F.2d 136, 140 (4th Cir.1984). The Fourth Circuit in *Burnley* found that the objective prong of the test outlined in Section 260 puts upon the employer the "plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Id. quoting, Wright v. Carrigg,* 275 F.2d 448, 449 (4th Cir.1960). Furthermore, an employer may not remain blissfully ignorant of FLSA requirements. *Burnley,* 730 F.2d at 140.

■ In this case, defendant offered the testimony of Caroline Hurt, Director of Personnel for the City of Newport News, to establish their good faith defense. Ms. Hurt testified that between 1982 and 1984 her office conducted a study of ranking positions in the fire department. As a result of that study, the defendant concluded that both fire captains and lieutenants were management or "executive" employees. Another study was conducted in 1985 when the defendant became aware that the FLSA would be applicable to city governments. Ms. Hurt testified that the purpose of this second study was to ensure that fire captains and lieutenants were "executive" employees. As a result of these studies, the defendant satisfied itself that the fire captains and lieutenants were "executive" employees exempt from the provisions of the FLSA. The defendant therefore concluded that it was in compliance with the overtime provisions of the FLSA. Ms. Hurt further testified that she was never made aware that the City's policy of docking employees on a wages-per-hour basis for an absence of less than one day was an issue under the FLSA.

The Court finds that the defendant made a conscientious effort to comply with the FLSA by conducting the two studies of the executive status of fire captains and lieutenants. As a result of these two studies, the defendant had reasonable grounds for believing that the denial of overtime compensation to plaintiffs was not a violation of the FLSA. The Court also finds that the defendant did not remain "blissfully ignorant of FLSA requirements." The testimony of Ms. Hurt demonstrates that the defendant did not know or even suspect that its pay-docking policy might violate the FLSA. *See Reeves v. International Telephone & Telegraph Corp.,* 616 F.2d 1342, 1353 (5th Cir.1980), *cert. denied,* 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981). Moreover, defendant's December 1, 1988 amendment to the pay-docking policy suggests that the defendant was not aware that the policy might result in a violation of the FLSA until shortly before trial. Accordingly, the Court finds that the defendant has acted in good faith and therefore plaintiffs' claim for liquidated damages is DENIED.

The Clerk is DIRECTED to send a copy of this Order to counsel for the plaintiffs and defendant.

IT IS SO ORDERED.