**J.D. WRIGHT, et al., Plaintiffs,**

v.

**CITY OF JACKSON, MISSISSIPPI, Defendant.**

**Civ. A. No. J86–0764(W).**

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 22, 1989.

Elizabeth Gilchrist, Jackson, for plaintiffs.

Matthew Moore, City Atty., Jackson, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

This matter is before the court on the question of whether the defendant City of Jackson, Mississippi, is liable to the successful plaintiffs for liquidated damages, where on an earlier day plaintiffs prevailed at trial on their claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* At a jury trial on the merits, plaintiffs, certain city employees of the Jackson Fire Department, holding the positions of combat fire captain, communications captain, and paramedic shift supervisor, established that the City of Jackson, Mississippi, had violated the mandate of the Fair Labor Standards Act by failing to compensate these plaintiffs for overtime hours spent on the job. Now, pursuant to 29 U.S.C. § 216(b), the plaintiffs are back before the court seeking an award of liquidated damages and attorney fees. Persuaded by the law and the facts, the court finds for the defendant and thus declines to award liquidated damages for the reasons which follow.

At trial, plaintiffs contended that pursuant to the overtime provisions of the Fair Labor Standards Act (hereinafter FLSA), 29 U.S.C. § 201, *et seq.*, they were entitled to overtime compensation. The City of Jackson, Mississippi (hereinafter The City) answered with the affirmative defense that plaintiffs were exempt from the overtime provisions of the FLSA.

The FLSA provisions governing overtime compensation have applied to The City since April 15, 1986. The FLSA requires an employer to pay overtime compensation for hours worked in excess of a prescribed work week, 29 U.S.C. § 207. The City contended that under 29 U.S.C. § 213(a)(1)[1] and the administrative regulations promul-

---

1. Section 213(a)(1) provides in part that:
   (a) The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to—

   (1) any employee employed in a bona fide executive, administrative, or professional capacity. . . .

gated by the Wage and Hour Division, specifically 29 C.F.R. § 541.1, the plaintiffs were executive employees and thus exempt from the overtime provisions of the FLSA.

Section 541.1 of 29 C.F.R. provides a definition for "executive employees" under the FLSA. This section offers the following definitional guidance:

> The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee:
>
>     \*     \*     \*     \*     \*     \*
>
> (f) Who is compensated for his services on a salary basis ... provided, that an employee who is compensated on a salary basis at a rate of not less than $250 per week ... and whose primary duty consists of the management of the enterprise in which the employee is employed ... and includes the customary and regular direction of the work of two or more employees therein, shall be deemed to meet all the requirements of this section.

The term "salary basis" also is defined in the regulations. Section 541.1(f) of 29 C.F.R. defines "salary basis" as a predetermined amount of compensation which "is not subject to reduction because of variations in the quality or quantity of work performed." 29 C.F.R. § 541.118(a). Under the exceptions to Section 541.118(a), deductions may be made when an employee is absent for more than one day for personal reasons, sickness or disability if the employer has a disability plan which does not affect the salaried status of an employee. 29 C.F.R. §§ 541.118(a)(2) and (3).

The parties proceeded to trial before jury on their respective positions. During trial, the proof showed that The City docked the plaintiffs' wages on a wages-per-hour basis for any absences of less than one day, when the employees had exhausted all accumulated leave. The City argues that this practice was in conformity with certain state statutes on the subject, specifically §§ 21-8-21,[2] 25-3-93,[3] and 25-3-95.[4] Nevertheless, persuaded that The City's practice was in violation of section 541.-118(2) of 29 C.F.R., the court directed a verdict for the plaintiffs against The City on the issue of whether the plaintiffs were compensated on a salary basis.

Even though the court had directed a verdict for plaintiffs on this issue and, thus, had determined that plaintiffs prevailed in their lawsuit,[5] the court still submitted to the jury the questions of whether plaintiffs were managers and supervisors under the definitions contained in 29 C.F.R. § 541.1. The jury decided that they were not. Thus, the plaintiffs had both the court's ruling of law and the jury's verdict on the facts that plaintiffs were not executive employees under the FLSA. Consequently, the court held that The City was henceforth required to pay overtime compensation to these plaintiffs and to compensate them for unpaid overtime from April 15, 1986, to May 3, 1988. The court reserved its ruling on the matter of liquidated damages pending further discussions between the parties and the trial of a companion case, *Bond v. City of Jackson,* Civil Action No. J88-0186(W). 727 F.Supp. 1516.

---

2. Section 21-8-21 states in part:

> (2) The salary of the mayor, councilmen and all employees of such municipality shall be paid at such periods as may be fixed by the council, but not less frequently than once a month; however, no salaries or wages shall be paid to any officer or employee of such municipality until after the same shall have been earned....

3. Section 25-3-93 provides in part:

> (3) For the purpose of Sections 25-3-91 through 25-3-99, the earned personal leave of each employee shall be credited monthly after the completion of each month of service and the appointing authority shall not increase the amount of personal leave to an employee's

credit. It shall be unlawful for an appointing authority to grant personal leave in an amount greater than was earned and accumulated by the officer or employee.

4. Section 25-3-95 provides in part:

> (2) Major medical leave may be used for the illness or injury of an employee, only after the employee has used one (1) day of personal leave for each absence due to illness, or leave without pay if the employee has no accrued personal leave.

5. The court reads § 541.1 to require an employer to prove *both* that the employee is compensated on a salary basis and that the employee has managerial duties in order for the employee to be classified as an "executive employee."

Back before the court, plaintiffs now press their claim for attorney fees and liquidated damages from The City pursuant to 29 U.S.C. § 216(b). Section 216(b) provides for the award of such fees and damages. The case law relative to § 216(b) is already amply set out in *Bond v. City of Jackson*, Civil Action No. J88–0186(W), 727 F.Supp. 1516, also filed this date. Thus, the court will simply reiterate the pertinent sections.

Title 29 U.S.C. § 216(b) provides in part that:

"Any employer who violates the provisions of § 206 or § 207 of this title shall be liable to the ... employees affected in the amount of their unpaid ... overtime compensation ... and in an additional equal amount as liquidated damages."

An amendment to the Fair Labor Standards Act found in 29 U.S.C. § 260 palliates the strict liability seemingly imposed by § 216(b). Section 260 provides that:

In any action commenced prior to or on or after May 14, 1947, to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

While § 260 was designed to mitigate the harshness of § 216(b), the enactment still erects a barrier over which an employer must clear in order to be relieved of liability for liquidated damages. Pursuant to this enactment, an employer must demonstrate both good faith and reasonable grounds for believing that it was not violating the Act. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir.1986). The employer bears the burden of proving both elements. *Reeves v. International*

*Tel. & Tel. Corp.*, 616 F.2d 1342, 1352 (5th Cir.1980); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir.1979). Employers do not satisfy this burden by pleading ignorance, *LeCompte*, 780 F.2d at 1263; *Barcellona*, 597 F.2d at 468–69, as good faith requires some duty to investigate potential liability under the Fair Labor Standards Act. *Barcellona*, 597 F.2d at 469. On the other hand, "lack of good faith is demonstrated when an employer 'knows or has reason to know, that his conduct is governed by the [Act].'" *Reeves*, 616 F.2d at 1353 (quoting *Brennan v. Heard*, 491 F.2d 1, 3 (5th Cir.1974)). A reasonable belief may be found, for instance, where the employer purposefully "engaged in act proven to be violations but did so under a mistaken belief that its acts were in conformity with the law." *Martinez v. Food City, Inc.*, 658 F.2d 369, 658 (5th Cir.1981). The Court's statement in *Martinez* was based upon the case of *Reed v. Murphy*, 232 F.2d 668, 678 (5th Cir.), cert. denied, 352 U.S. 831, 77 S.Ct. 45, 1 L.Ed.2d 51 (1956), where the Court found liquidated damages unwarranted because a government contractor reasonably relied upon an incorrect interpretation of the FSLA contained in an overtime compensation directive from the project contracting officer. The Court noted that refusal to abide by the directive might have subjected the contractor to contract damages. Thus, the violation resulted from adherence to a specific directive which turned out to be incorrect.

Section 260 grants to the district court discretion on two levels. First, if the employer produces sufficient evidence, the district court has discretion to find in favor of the employer on the issue of good faith and reasonable belief. Second, "even if the employer introduces evidence supporting a 'good faith and reasonable belief' defense, the trial court may still, in its discretion, award liquidated damages." *Peters v. City of Shreveport*, 818 F.2d 1148, 1167 (5th Cir.1987).

The court finds that The City has carried its burden. The testimony presented at trial shows that The City earnestly sought

to determine its obligations under the FLSA. Representatives of the fire department, The City, and The City Attorney's Office met and reviewed the regulations and then concluded that the plaintiffs met the test for executive employees under § 541.1 of 29 C.F.R. This same sort of conscientious effort in *Hawks v. City of Newport News, Va.*, 707 F.Supp. 212 (E.D. Va.1988), was a factor relied upon by that court in concluding that liquidated damages were inappropriate.

Further, the court *sub judice* submitted to the jury the question whether the plaintiffs were managers or supervisors within the meaning of 29 C.F.R. § 541.1. At trial, The City and the plaintiffs presented conflicting proof whether these plaintiffs met the test of § 541.1. The City presented proof that the plaintiffs had managerial responsibilities and that they supervised the requisite number of persons. The City's offered proof and the court's submission of the issue to the jury indicate that The City had a reasonable basis for its belief that the plaintiffs were managers and supervisors as contemplated by § 541.1.

That brings us to the matter of the salary basis. In order to show that the plaintiffs here were executive employees under § 541.1, The City had to show that the plaintiffs were compensated on a salary basis at a rate of not less than $250.00 per week and that their primary duties consisted of management of the enterprise in which they were employed, including the supervision of the work of two or more employees therein. 29 C.F.R. § 541.1(f). Plaintiffs allege that The City had no reasonable grounds to believe that its salary policy of docking the plaintiffs' pay on a wages-per-hour basis for any absence of

less than one day was in compliance with the FLSA. Plaintiffs say that The City had ample guidance on this point: the plain reading of the regulations themselves; and several previously decided cases from other jurisdictions.[6]

The City responds that its salary policy was dictated by certain state statutes. One of these statutes, Miss.Code Ann. § 21-8-21 (Supp.1988), provides that "no salaries or wages shall be paid to any officer or employee of such municipality until same shall have been earned." The City of Jackson claims that it interpreted this statute to prohibit payment of compensation for fractions of one hour. Two other statutes governing computation of vacation rights and annual leave also were submitted by the City as being potentially contradictory to federal law.[7]

The evidence shows that confronted with these matters, the City sought a letter opinion from the Wage and Hour Division of the Department of Labor.[8] The response came on January 9, 1987.[9]

The Wage and Hour Division letter states that the Division was aware of state laws in certain jurisdictions which prohibit employees from being paid for hours not actually worked and that these laws may be in conflict with the Code of Federal Regulations. The letter then states that revisions in the federal law were likely to be forthcoming and that on account of expected efforts towards this end, the Wage and Hour Division was implementing a policy of nonenforcement.

The court finds that construing all of the above facts together The City acted in good faith and reasonably believed that its acts were not in violation of the FLSA. Not

---

6. *Knecht v. The City of Redwood City,* 683 F.Supp. 1307 (N.D.Cal.1987); *Schuller v. The City of Livermore,* 107 Lab.Cas. (CCH) P35,009, 1987 WL 46348, April 22, 1987; *Strong v. City of Spokane,* decided February 20, 1988, not reported. These cases were decided well after the filing of this lawsuit.

7. Miss.Code Ann. §§ 25-3-93 and 25-3-95 (Supp.1976, as amended). See footnotes 3 and 4.

8. Created pursuant to 29 U.S.C. § 204 of the Fair Labor Standards Act as a division of the Department of Labor, the Wage and Hour Division is charged with enforcing and interpreting the law. The Wage and Hour Division Administrator's interpretation is entitled to substantial deference. *See Atkins v. General Motors Corp.,* 701 F.2d 1124, 1128 (5th Cir.1983).

9. This lawsuit, filed on November 6, 1986, thus, already was filed.

until January 9, 1987, two (2) months after the commencement of this litigation was The City put on notice that its pay-docking policy might violate the FLSA. Even then, The City was told by the Wage and Hour Division that revisions which would address The City's situation were likely forthcoming, and that meanwhile the division was not enforcing compliance against municipalities operating under statutes such as § 21–8–21.

The City's behavior here is unlike that of the employer's conduct in *Richard v. Marriott Corp.*, 549 F.2d 303 (4th Cir.), cert. denied, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977). In *Richard,* the employer had been made aware through an opinion letter issued by the Wage and Hour Administration that its pay practices were illegal. Yet, the employer persisted in the violation. In approving liquidated damages, the court stated that the employer should have heeded the letter ruling. Instead, said the court, the employer "took a chance acted at its peril, and lost." *Richard,* at p. 306. Here, The City investigated the matter, examined the regulations, contacted the Wage and Hour Division, and was told that The City had a problem, shared with other municipalities across the country, that soon may be addressed by Congress. Accordingly, after weighing these facts, as well as those pertaining to The City's stance on whether the plaintiffs were managers and supervisors, the court finds that The City acted in good faith, and, therefore, plaintiffs' claim for liquidated damages is denied.

■ Also before the court is the matter of attorney fees. The plaintiffs have prevailed on their Fair Labor Standards Act claim and are entitled to recover attorney fees pursuant to 29 U.S.C. § 216(b). *Diaz v. Robert Ruiz, Inc.*, 808 F.2d 427, 429 (5th Cir.1987). Section 216(b) states that "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Inasmuch as the City has not contested the reasonableness of the fees submitted by plaintiffs' counsel, the court

hereby grants attorney fees in the amount of $23,410.00, law clerk fees in the amount of $506.25, and costs in the amount of $762.50.

SO ORDERED AND ADJUDGED.