MICHIGAN ASSOCIATION OF GOVERNMENTAL EMPLOYEES; David Clifton; Ronald Baptist; Bettye Cox; and Cornell Howard, Plaintiffs–Appellants,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant–Appellee.

No. 92–1822.

United States Court of Appeals, Sixth Circuit.

Argued March 12, 1993.

Decided April 21, 1993.

Brandon W. Zuk (argued & briefed), Fraser, Trebilcock, Davis & Foster, Lansing, MI, for plaintiffs-appellants.

Linda M. Olivieri (argued & briefed), Mark E. Donnelly, Office of the Atty. Gen., Corrections Div., Lansing, MI, for defendant-appellee.

Before: MERRITT, Chief Judge; and BOGGS and BATCHELDER, Circuit Judges.

PER CURIAM.

Plaintiffs David Clifton, Ronald Baptist, Bettye Cox, and Cornell Howard are Correction Shift Supervisors employed by the Michigan Department of Corrections. Correction Shift Supervisors are required to attend pre-shift lineups of six to twelve minutes before each shift. The plaintiffs claim that they are entitled to overtime pay at a rate of time and one-half or greater for time spent in the preshift lineup. The plaintiffs sued the Michigan Department of Corrections under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), seeking lost wages and an injunction against further violations of the FLSA.

The district court granted the defendant's motion for summary judgment and dismissed the claims because it determined that the plaintiffs were "bona fide executives" and thus exempt from the overtime requirements of the FLSA. We affirm.

I

We review *de novo* the district court's grant of the defendant's motion for summary judgment. *Baggs v. Eagle–Picher Industries, Inc.,* 957 F.2d 268, 271 (6th Cir.1992). We can affirm the district court only if we determine that the pleadings, affidavits, and other submissions show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The FLSA requires payment at overtime rates for hours worked in excess of the prescribed work week of forty hours. 29 U.S.C. § 207(a)(1). Employees who qualify as "bona fide executives," however, are exempt from the overtime requirements. 29 U.S.C. § 213(a)(1). Congress did not define "bona fide executive" in the FLSA, choosing instead to delegate that responsibility to the Secretary of Labor. 29 U.S.C. § 213(a)(1). The regulations define "bona fide executive" as an employee with supervisory duties who is paid on a salaried basis. 29 C.F.R. § 541.1(f); 29 C.F.R. § 541.117(a). The employer bears the burden of showing that the exemption applies to the employees, *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974), and exemptions are to be narrowly construed in order to further Congress's goal of providing broad federal employment protection. *Mitchell v. Lublin, McGaughy & Associates,* 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959).

The plaintiffs concede the supervisory nature of their duties, but claim that they are not "bona fide executives" because they are not paid on a salaried basis. The test for whether an employee is paid "on a salary basis" is set out in 29 C.F.R. § 541.118(a):

An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of varia-

tions in the quality or quantity of the work performed.

Pursuant to specified exceptions, salaried status is not affected when deductions are made for absences of a day or more that occur either for personal reasons, or due to sickness if the deduction follows a disability plan. 29 C.F.R. § 541.118(a)(2) & (3). The regulations do not provide an exception for deductions for absences of *less* than a day, and the courts have interpreted this silence to mean that pay deductions for absences of less than a day are inconsistent with salary status. *See, e.g., Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir.1983).

On September 6, 1991, the Department of Labor adopted an interim rule that provides that public employees who otherwise qualify as salaried employees and are exempt from the overtime provisions of the FLSA will not be disqualified from their exempt status solely because they are subject to a pay reduction for lost time of less than eight hours. 29 C.F.R. § 541.5d. This interim rule was made final on August 19, 1992. 57 Fed.Reg. 37678. Therefore, the only issue is whether the plaintiffs were paid on a "salary basis," and thus entitled to overtime pay, prior to September 6, 1991.[1]

The plaintiffs do not dispute that they are paid a predetermined amount each pay period as part of their compensation. The predetermined amount is compensation for eighty hours of work in each two-week pay period. The plaintiffs, however, regularly work approximately eighty-six hours in a pay period. For whatever extra time is spent on the regular shift, the plaintiffs receive compensatory time credits that are equivalent to and aggregated with sick leave credits. For the six-minute[2] preshift lineups, the plaintiffs are paid at their "regular" hourly rate, which is calculated by dividing the predetermined salary by eighty. In their complaint, the plaintiffs focus only on the preshift lineup and claim that they should be paid for this time at a rate one and one-half times the regular rate.[3] If we were to find that the plaintiffs are not bona fide executives, however, the policy of awarding compensatory time credits for extra work on the regular shift might also be called into question.

The plaintiffs argue that they are not bona fide executives because they are not paid on a salaried basis. The plaintiffs claim that pursuant to the defendant's sick leave policy, once the plaintiffs exhaust their leave credits and compensatory time they are subject to a reduction in compensation for absences of

1. We hold that the "public employee" exception should not be applied retroactively. The Secretary withdrew a proposed regulation that would have given the exemption retroactive effect. 57 Fed.Reg. 37678 (Aug. 19, 1992). We agree with the Secretary that the rule would have been invalid because the FLSA does not authorize retroactive rulemaking. *See generally Bowen v. Georgetown University Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988) ("... a statutory grant of legislative rulemaking authority will not ... be understood to encompass the power to promulgate retroactive rules unless the power is conveyed by Congress in express terms.")

2. Beginning on June 19, 1991, the preshift lineups were reduced from twelve to six minutes.

3. Although receiving additional compensation for work in excess of eighty hours may seem inconsistent with general notions of salaried status, *see Banks v. City of North Little Rock,* 708 F.Supp. 1023, 1024 (E.D.Ark.1988), it does not jeopardize salaried status as defined by the regulations. The principal regulation requires that the predetermined amount constitute "all or *part*" of the compensation and specifically prohibits "*reduc-*

*tion* because of variations in the quality or quantity of [the] work performed." 29 C.F.R. § 541.-118(a)(2) (emphasis added). Increases in compensation because of variations in quantity of work are not prohibited. Moreover, additional pay at an hourly rate for each hour worked beyond an employee's regular schedule is expressly permitted by 29 C.F.R. § 541.118(b). *See York v. City of Wichita Falls, Texas,* 944 F.2d 236, 242 (5th Cir.1991); *Hartman v. Arlington County, Virginia,* 720 F.Supp. 1227, 1228 (E.D.Va.1989), *aff'd on reasoning of lower court,* 903 F.2d 290 (4th Cir.1990). However, employees are not paid on a salary basis if the predetermined amount is so far below their actual compensation (calculated on an hourly basis) that the minimum is "nothing more than an illusion." *See Brock v. The Claridge Hotel and Casino,* 846 F.2d 180 (3rd Cir.1988) (court held that the employees were not paid on a salaried basis because their hourly compensation was consistently much higher than the guaranteed minimum and the guarantee only came into play in 12 instances out of up to 70,000 payments), *cert. denied sub nom. Claridge Hotel and Casino v. McLaughlin,* 488 U.S. 925, 109 S.Ct. 307, 102 L.Ed.2d 326 (1988). In this case, the predetermined amount constitutes the vast majority of the plaintiffs' compensation.

less than one day. As the primary support for this position, the plaintiffs cite a sick leave provision that provides in part:

In the absence of applicable leave credits, compensation reduction for the time lost shall be made for the work period in which the absence occurred. The employee may elect not to use annual leave to cover such absence.

Michigan Compensation Manual for State Employees § 11(II)(D).

In response, the defendant provided an affidavit from Jan Miller, Director of Labor Relations for the Department of Corrections, in which Miller stated that the sick leave provision quoted above "contemplates absences of eight (8) hours or more." Miller explained that:

It is the clear intent of the Michigan Department of Corrections that no pay reduction occur for [absences] less than eight hours. There is no provisions [sic] in this policy allowing deductions for absences of less than one day for employees ineligible for overtime in the absence of available leave credits or compensatory time.

Miller also "determined that none of the ... Plaintiffs have been denied pay (lost time) as a result of an absence for less than 8 hours." Finally, Miller stated that if "such reduction occurred, it would be an error or inadvertent."

The plaintiffs provided no evidence that they have actually had their compensation reduced for absences of less than one day that occurred after their leave credits had been exhausted. Nor did the plaintiffs provide any policy statement supporting their interpretation of section 11(II)(D). Instead, the plaintiffs provided an affidavit of Plaintiff Cornell Howard, in which Howard stated his belief that correction shift supervisors with no creditable leave time receive "an hour for hour reduction in pay for absences of less than one day."

## II

The district court found that the plaintiffs were paid on a salaried basis because, even though section 11(II)(D) may be interpreted to allow pay reductions for absences of less than eight hours, none of the plaintiffs *actu-* *ally* had pay reduced for an absence of less than one day and the defendant asserted that the policy was not to reduce pay for absences of less than one day. The court relied primarily on *Atlanta Professional Firefighters v. Atlanta*, 920 F.2d 800 (11th Cir.1991), in which a city ordinance unambiguously required that all employees' compensation be decreased for arriving late or for violating other regulations. The Eleventh Circuit chose to look at the actual practice instead of the policy statements. The court concluded that, despite the unambiguous language in the ordinance, the plaintiffs' pay was not subject to reduction because "no evidence [was presented] to prove any [plaintiff] ever suffered a reduction in pay for any of the reasons stated." *Id.* at 805; *see also Harris v. District of Columbia*, 709 F.Supp. 238, 241 (D.D.C.1989) (even though defendant conceded that under its leave policy the plaintiff would be subject to a reduction in pay under certain circumstances, the court concluded that the plaintiff was not eligible for the exemption because "no deduction ha[d] actually been made").

In *Abshire v. County of Kern*, 908 F.2d 483 (9th Cir.1990), the Ninth Circuit applied an opposing analysis. Kern County conceded that the plaintiffs' pay was subject to reduction for absences of less than a day, but argued that, contrary to the stated policy, no such deduction had ever actually been made. The Ninth Circuit held that whether a deduction had ever been made was an "irrelevant" question. *Id.* at 487. The court explained:

The dispositive factor is that under the County's policy, the employee's pay is at all times *"subject to"* deductions for tardiness or other occurrences. Either pay is fixed and immutable, and not subject to such deductions, or it is contingent. Battalion Chiefs' pay is contingent. Section 541.118(a) does not require that a deduction for an absence of less than a day *actually* have been made, but only that an employee's pay be *"subject to"* such a deduction.

*Ibid.* One circuit court and several district courts have followed similar reasoning, focusing on the policy itself and not the application of that policy. *Martin v. Malcolm Pirnie,*

*Inc.,* 949 F.2d 611, 615 (2d Cir.1991); *Wilks v. District of Columbia,* 721 F.Supp. 1383, 1385 (D.D.C.1989); *Banks v. City of North Little Rock,* 708 F.Supp. 1023, 1025 (E.D.Ark.1988); *Hawks v. City of Newport News,* 707 F.Supp. 212, 214–15 (E.D.Va. 1988); *Knecht v. City of Redwood City,* 683 F.Supp. 1307, 1311 (N.D.Cal.1987).

We choose to focus on the actual policy, rather than whether the policy has ever been administered, for two reasons. First, this approach is more consistent with the regulatory language defining a salaried employee as one who is paid "a predetermined amount which is not *subject to* reduction because of variations in the quality or quantity of his work." 29 C.F.R. § 541.118(a) (emphasis added). Also, this approach is more consistent with the general notion of a salaried employee; as the *Abshire* court stated, "[e]ither pay is fixed and immutable, and not subject to such deductions, or it is contingent." *Abshire,* 908 F.2d at 487. Second, focusing on the actual policy is more practical and realistic. Employees subject to reduction in pay will, of course, attempt to avoid those reductions by juggling schedules and sacrificing non-work opportunities. Simply because a reduction in pay has never been applied does not mean that the employee has not been affected by the policy subjecting the employee to pay reductions.

Although we adopt an approach similar to that applied in *Abshire,* two facts distinguish this case from *Abshire* and highlight our differences with the reasoning in *Abshire:* 1) the policy language in *Abshire* was unambiguous and 2) Kern County conceded that the policy subjected the plaintiffs to pay reductions. In *Abshire,* the actual policy was undisputed; only the effect on the plaintiffs was disputed. In this case, the true nature of the policy is the crux of the dispute. The compensation manual does not state specifically that the plaintiffs will receive a pay reduction for absences of less than one day. Instead, the manual merely states that when "sick leave" is exhausted "compensation reduction for the time lost shall be made for the work period in which the absence occurred." This language is far from dispositive, and the defendant's claim that it has always interpreted this language to apply only to absenc-

es of eight hours or more is certainly credible.

We disagree with the *Abshire* court's determination that actual implementation of the pay deduction policy is an irrelevant consideration. Actual application of the policy may well have been less relevant under the specific facts of *Abshire,* but in this case, where the policy language is ambiguous and the proper interpretation is disputed, application of the policy is highly relevant. The execution of the policy may shed more light on the actual policy than an ambiguous excerpt from an employee manual. In this case, the fact that no plaintiff's pay has ever been reduced for absences of less than one day supports the defendant's interpretation of its own sick leave policy.

We are somewhat troubled, however, by the defendant's inability to point to any policy statements that support its interpretation of the disputed language other than those generated by this litigation. The plaintiffs, on the other hand, can cite no past actions or statements that contradict the defendant's proffered interpretation of the policy. Instead, the plaintiffs offer only Howard's statement, also produced for this litigation, that he believes the policy language would subject him to compensation reductions on an "hour for hour" basis under certain circumstances. One employee's opinion is not persuasive, especially when there is no evidence or even an accusation that statements or actions by management influenced his belief. Therefore, because the plaintiffs have failed to provide any evidence that the defendant's interpretation of its ambiguous sick leave policy is disingenuous or inconsistent with past actions or statements, we find that the sick leave policy does not jeopardize the plaintiffs' status as salaried employees exempt from the overtime regulations.

### III

Accordingly, we AFFIRM the district court's grant of the defendant's motion for summary judgment.