**Louis D'CAMERA, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civ. A. No. 86–3003.**

United States District Court, District of Columbia.

June 22, 1988.

---

Robert E. Deso, Carlos M. Recio, Washington, D.C., for plaintiffs.

Eugene A. Adams, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Plaintiffs, certain District of Columbia police officers at or below the rank of

sergeant, bring this action against the District of Columbia ("the District") for allegedly unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (1982), as amended, Pub.L. 99–150 (1985).[1] By memorandum order dated July 7, 1987, this court held that the Fraternal Order of Police, an original plaintiff in this action, was not a proper party plaintiff under 29 U.S.C. § 216(b), and thus had to be dismissed. Memorandum Order at 2–4. We also denied defendant's motion to dismiss or, in the alternative, for partial summary judgment in light of the District's failure to carry its evidentiary burden under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 4–5.

Since this initial ruling, the parties have each moved for partial summary judgment. As briefed, the pleadings before the court raise two distinct legal questions of apparent first impression in this circuit: (1) whether the District's police sergeants are "bona fide administrative employees" and thus exempt from the FLSA's overtime provisions, 29 U.S.C. § 213(a)(1), and (2) whether the District can, consistent with the FLSA's overtime provisions, afford plaintiffs compensatory time off in lieu of monetary overtime pay. The court takes up each of these issues in turn.

### A. "Bona fide administrative employee" exemption

In its motion for partial summary judgment, the District claims that the three types of sergeants employed in its police force—patrol sergeants, investigative sergeants, and administrative/specialist sergeants—are exempt from the FLSA's overtime provisions. If the District is correct, then the second issue before this court— i.e., whether the District's particular overtime policy comports with the FLSA—has bearing only as to those plaintiffs who are not sergeants. In claiming exemption, the District seeks refuge in section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1), which exempts from the Act's coverage "any em-

ployee employed in a bona fide executive, administrative, or professional capacity...." Specifically, the District contends that sergeants are "bona fide administrative employees." This marks the second time the District raises this issue: in our order of July 8, 1987, we expressly refrained from resolving the matter because the District failed to adduce sufficient evidence that sergeants fell within this exemption.

The District recognizes that it, as the employer, bears the burden of proving that its employees are exempt from the FLSA's overtime provisions. *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Idaho Sheet Metal Works v. Wirtz,* 383 U.S. 190, 209, 86 S.Ct. 737, 749, 15 L.Ed.2d 694 (1966); *Clark v. J.M. Benson Co.,* 789 F.2d 282, 286 (4th Cir.1986). Moreover, exemptions from the FLSA's reach must be narrowly construed against the employer in order to further Congress' goal of affording broad federal employment protection. *Mitchell v. Lublin, McGaughy & Assoc.,* 358 U.S. 207, 211, 79 S.Ct. 260, 263, 3 L.Ed.2d 243 (1959); *Brock v. Louvers & Dampers, Inc.,* 817 F.2d 1255, 1256 (6th Cir.1987). The District claims that sergeants are exempt from the FLSA under both the so-called "long test," 29 C.F.R. § 541.2(a)—(e)(1) (1987), and the so-called "short test," 29 C.F.R. § 541.2(e)(2) (1987). It is this court's conclusion, upon examination of both tests and the record herein, that the District has again failed to sustain its burden of demonstrating that its sergeants are "bona fide administrative employees."

First, both tests require that the court undertake a highly fact-specific inquiry into the tasks and responsibilities of the subject employees. Implementing guidelines drafted by the Department of Labor's Wage and Hour Division repeatedly point out that the determination of exempt status must be made upon consideration of "all the facts involved in the particular employment situation...." 29 C.F.R. § 541.207(b); *see*

---

**1.** Defendant does not dispute its liability for some type of overtime compensation at least as to those officers below the rank of sergeant (i.e.,

detective plaintiffs). Defendant's Motion to Dismiss and for Summary Judgment ¶ 4.

*also id.* § 541.205(c)(1) ("It is not possible to lay down specific rules" as to when work becomes of substantial importance to the business's operation). Among other things, the court must ascertain the "primary duty" of the employee, 29 C.F.R. §§ 541.2(a), (e)(2); whether that duty consists of manual labor as opposed to non-manual "office" work, *id.* §§ 541.2(a)(1), (e)(2); whether the employee's role is "directly related to management policies or general business operations of his employer," *id.*; and whether the employee, in performing his duties, "customarily and regularly exercises discretion and independent judgment," *id.* §§ 541.2(b), (e)(2).

Unfortunately, the present record is virtually barren of such evidence. The District, apparently deeming its position as being self-evident, has neglected to provide evidentiary support pertinent to the various prongs of the exemption analysis. The District places principal reliance on a document entitled "Metropolitan Police Department Performance Standards." Ex. A to Defendant's Motion in Support of Partial Summary Judgment. According to the District, this document memorializes an officer evaluation system implemented by the police department in 1985, but soon thereafter abolished. The manual enumerates various tasks apparently performed by sergeants, but does so only by name rather than by description. It proceeds to assign weight to these tasks, and to list criteria for evaluating sergeants' fulfillment of these tasks.

From this manual it is impossible to determine with any precision the nature of a sergeant's responsibilities. The District apparently presumes that even a casual perusal of this booklet would establish that more than half of a sergeant's time is devoted to administrative, nonmanual chores. Defendant's Reply at 3–5; 29 C.F.R. § 541.103 (suggesting fifty percent yardstick for determining primary duty). Defendant's facile conclusion is not supported by the present record. We cannot ascertain whether a sergeant devotes more time to the enumerated task "Handling Roll Call" than to "Using the Police Radio for Supervisory Purposes," or whether "Performing Administrative Tasks" predominates over "Supervising Routine Patrol Activities." Nor, for that matter, does the document indicate the extent to which these responsibilities involve manual as opposed to "office" work. The FLSA's overtime regulations instruct that job titles be disregarded in determining an employee's status, since "[t]itles can be had cheaply and are of no determinative value." 29 C.F.R. § 541.201(b). The same must be true of lists of responsibilities unsupported by descriptions of what those responsibilities entail. In short, the manual, while arguably helpful in evaluating the job performance of particular sergeants, sheds little or no light on the question whether sergeants are "bona fide administrative employees." [2]

In addition, an affidavit submitted by the chairman of plaintiffs' bargaining unit— himself a District police officer—attests that "most sergeants spend most of their time on the streets working with police officers, or performing routine administrative duties." Gary Hankins Aff. ¶ 4. This undermines somewhat the suggestion that sergeants are "office" employees entrusted with significant responsibility over major business decisions, and at least engenders speculation as to whether a sergeant's "primary duty" involves nonmanual work. 29 C.F.R. §§ 541.203, 541.206. The affidavit further declares that "[s]ergeants have very little discretion in the performance of their duties," since their conduct is delimited by various departmental orders and persistent review by higher authorities. Hankins Aff. ¶ 4. Once again, the information furnished by the District affords us no principled means of determining the degree of discretion accorded sergeants. [3]

---

**2.** One might naturally envision differences in the tasks performed by the different types of sergeants, differences that might render some exempt and others non-exempt. Neither party to this dispute suggests any such differences, nor do they argue that the various types of sergeants should be separately classified or evaluated.

**3.** The District suggests that sergeants obviously must make independent and discretionary deci-

The District's failure to meet its evidentiary burden would of itself warrant denial of its motion for partial summary judgment. In further opposition to this motion, however, plaintiffs contend that District sergeants are not compensated "on a salary basis" as they must be in order to be deemed exempt employees under the FLSA. 29 C.F.R. §§ 541.2(e), 541.118. As with other provisions of the FLSA, application of this provision depends not on whether sergeants are commonly deemed "salaried" employees, but rather on whether a sergeant's means of compensation conforms to the specific elements defined in the applicable implementing regulations. Those regulations provide, *inter alia*, that an employee is considered to be paid "on a salary basis" if he regularly receives, on a weekly or less frequent basis,

> a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. *Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.*

*Id.* § 541.118(a). The "exceptions" to this rule provide, in pertinent part, that the salaried status of an employee is not affected by deductions made when an employee is absent for a day or more for personal reasons, or for sickness or disability, if the employer is covered by a disability plan. *Id.* §§ 541.118(b), (c). The obverse of this rule, then, is that deductions in pay made for absences *shorter* than a full day are inconsistent with the FLSA's conception of a salaried employee. *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir.1983) ("A salaried professional employ-ee may not be docked pay for fractions of a day of work missed").

Plaintiffs have demonstrated that in certain circumstances sergeants are subject to pay reductions on an hourly basis for absences from work of less than a day. In particular, the District docks pay on an hourly basis of any sergeant who is absent from work for a portion of a day if such absence occurs when a sergeant is on "leave status" rather than "pay status." Thus, a sergeant who has exhausted his leave time—i.e., sick leave, annual leave, compensatory time, and the like—is subject to having his pay reduced for absences of portions of a day. This policy is reflected in the Metropolitan Police Department's internal general orders, *see* General Order 120.2, April 1, 1977, Ex. B to Plaintiffs' Reply, as well as in the parties' most recent collective bargaining agreement. Labor Agreement for Years 1988–90, Article 23, § 3 ("In each instance of tardiness the member shall be charged hour for hour leave without pay").

The District does not dispute that this deduction procedure represents established policy. Instead, it emphasizes the limited circumstances in which this issue arises, and notes that the sergeants' pay *might*, but need not, be reduced. This concession is nevertheless fatal to the District's claim of exempt status; the test under 29 C.F.R. § 541.118(a) is whether a sergeant's paycheck is "subject to reduction," not the frequency with which a sergeant's pay is so reduced. There can be no doubt that a District sergeant's pay is "subject to deduction because of the ... quantity of the work performed," a deduction system inconsistent with the FLSA's definition of a salaried employee. *Id.* *See also Knecht v. City of Redwood*, 683 F.Supp. 1307 (N.D. Cal.1987) (rejecting Redwood City's claim

---

sions in "a [sic] emergency situation...." Reply at 5. Of course, this is true, not only for sergeants but for detectives. But FLSA regulations make clear that an exempt employee's exercise of discretion must be "customar[y] and regular[ ]," 29 C.F.R. § 201(b), not sporadic or limited to emergency operations. *Cf. id.* § 541.109 (undertaking manual work "on rare occasions" in emergency situations does not alter status of otherwise exempt employee). The

District's pleadings add that "[t]here are countless other situations that could give rise to a sergeant's exercise of requisite discretion and independent judgment." Reply at 5. General and conclusory reference to "countless other situations" does not constitute probative evidence of exempt status, particularly when presented by the party assigned with the burden of production.

of exempt status as to its fire captains upon finding that fire captains' paychecks are subject to reduction for absences of less than a day); Department of Labor, Wage and Hour Division, Letter Ruling of January 16, 1986 ("deductions from the salary of an otherwise exempt employee for absences of less than a day's duration for personal reasons, or for sickness or disability, would not be in accordance with sections 541.118(a)(2) and (3)"; in such circumstances, "employee would not meet the criteria under 29 CFR Part 541 for exemption").

In order to claim exempt status under the FLSA, an employer must meet every aspect of the definition for an exempt employee. *Hodgson v. Barge, Waggoner & Sumner, Inc.*, 377 F.Supp. 842, 844 (M.D. Tenn.1972), *aff'd without opinion*, 477 F.2d 598 (6th Cir.1973). The District has not sustained its burden of proving that its sergeants are paid on a salary basis. For this reason alone, in addition to those previously set forth, defendant cannot avail itself of the "bona fide administrative employee" exemption.

### B. *The District's compensatory time policy*

 Having determined that all plaintiffs, including District sergeants, are covered by the FLSA's overtime provisions, the court turns next to consideration of the District's overtime compensation policy. In 1985, the FLSA was amended, *inter alia*, to permit public agencies to provide compensatory time off in lieu of monetary overtime pay in certain circumstances. The portion of the amendments pertinent to the present dispute provides as follows:

(*o*) Compensatory Time

(1) Employees of a public agency, which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours of each hour of employment for

which overtime compensation is required by this section.

(2) *A public agency may provide compensatory time under paragraph (1) only—*

(A) *pursuant to—*

(i) *applicable provision of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees;* or

(ii) *in the case of employees not covered by subclause (i),* an agreement or understanding arrived between the employer and employee before the performance of the work....

29 U.S.C. § 207(*o*). Congress delayed the effective date of this amendment on states and localities until April 15, 1986.

In response to this legislation, the District's governing Council passed the District of Columbia Compensatory Time Off Emergency Act Amendments of 1986, D.C.Act 6–157, April 15, 1986, 33 D.C.R. 2457, *amending* D.C.Code § 1–612.3(b).[4] The amendment, which was soon thereafter reenacted as permanent legislation, D.C. Code § 1–612.3(d) (1981), provides that employees covered by the FLSA, and eligible to receive compensatory time, "*may receive compensatory time off* at a rate not less than 1 and one-half hours for each hour of employment for which overtime compensation is required under the FLSA, *in lieu of paid overtime compensation.*"

Plaintiffs are members of the Fraternal Order of Police of the District's Metropolitan Police Department. Since February 1982 the Fraternal Order's Labor Committee has acted as plaintiffs' certified exclusive representative for collective bargaining with the District government. It is undisputed that plaintiffs were covered by a collective bargaining agreement, negotiated by its Labor Committee, for the period April 15, 1986 through October 1, 1987. Agreement, Ex. A to Plaintiffs' Memorandum in Support of Summary Judgment [hereinafter "1986–87 Agreement"]. The 1986–87 Agreement, effective April 15, 1986, did not authorize "payment" of com-

---

**4.** The District is deemed a "state" for purposes of the FLSA. 29 U.S.C. § 203(c).

pensatory time off in lieu of monetary overtime pay. Nevertheless, as of the effective date of the FLSA's amendment, the District proceeded to apply D.C.Code § 1–612.3(d) to plaintiffs, awarding them compensatory time off in lieu of monetary overtime compensation. The District did so without negotiating or entering into any agreement with plaintiffs' bargaining representative. Only upon the expiration of the 1986–87 Agreement did the parties enter into such bargaining. Indeed, the collective bargaining agreement executed to take effect when the 1986–87 Agreement expired expressly authorized the payment of compensatory time off.

For the foregoing reasons, plaintiffs contend that they were entitled to monetary pay, rather than compensatory time off, for overtime hours accruing from April 15, 1986 to October 1, 1987. Hence, plaintiffs argue, the District contravened the FLSA when it awarded officers compensatory time in lieu of monetary payments during this period. In response, the District claims that the 1986–87 Agreement in fact permitted substitution of compensatory time off for monetary payments. The District further defends its policy on the basis of a "tacit understanding" between the parties and its "past practice" of awarding officers compensatory time off rather than monetary payments. Defendant's Memorandum in Opposition to Partial Summary Judgment at 2–4.

In construing the FLSA's amended overtime provisions, this court is guided by the now-familiar framework enunciated in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). We note, first, that the language of the FLSA's amended overtime provision could not be more plain, precise, and devoid of ambiguity. As quoted above, it provides that "[a] public agency may provide compensatory time ... *only* [ ] *pursuant to* [ ] applicable provision of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees." 29 U.S.C. § 207(*o*). In the case of employees covered by a bar-

gaining agreement, then, the FLSA *requires* that an arrangement such as that adopted by the District be ratified by the employees' representative and be pursuant to a collective bargaining agreement.

The intent underlying the amended language is also reinforced by unequivocal language in the FLSA's legislative history. The Senate Report to the 1985 amendments provides that "[t]he use of comp time in lieu of pay must be pursuant to some form of agreement or understanding between the employer and employee, reached prior to the performance of the work," and adds that "[w]here employees have a recognized representative, the agreement or understanding must be between that representative and the employer...." S.Rep. No. 99–159, 99th Cong., 1st Sess. 10 (1985), U.S.Code Cong. & Admin.News 1985, p. 658. The House Committee Report contains indistinguishable language. H.Rep. No. 99–331, 99th Cong., 1st Sess. 20 (1985).

Moreover, the Department of Labor's Wage and Hour Division, the body entrusted with the task of issuing regulations pursuant to the FLSA, has endorsed plaintiffs' interpretation of the overtime provisions while expressly rejecting that proposed by the District. In a concise opinion, the Department squarely rejected the claim of the National League of Cities that no agreement of understanding vis-a-vis compensatory time is required with respect to employees hired prior to April 15, 1986— the effective date of the FLSA's overtime amendments—provided that the agency had a regular practice in effect prior to that date. 52 Fed.Reg. 2014 (1987). The Department recognized, as the statute makes clear and as the House and Senate Reports affirm, that the "regular practice" exception applies only to those employees *not* covered by a collective bargaining agreement or similar understanding. *Id.* This interpretation, offered by the Department entrusted with issuing contemporaneous constructions of FLSA provisions, is entitled to considerable deference from this court. *National Treasury Employees Union v. FLRA*, 691 F.2d 553 (D.C.Cir.1982); *Atkins v. General Motors Corp.*, 701 F.2d

1124, 1128 (5th Cir.1983) (administrator's interpretation of FLSA merits "substantial deference"). This interpretation of the FLSA's overtime provisions comports with the overall policy goal of federal labor laws, that being to foster industrial peace through collective bargaining arrangements. *Carey v. Westinghouse Electric Corp.,* 375 U.S. 261, 265, 84 S.Ct. 401, 405, 11 L.Ed.2d 320 (1964); *Bloom v. NLRB,* 603 F.2d 1015 (D.C.Cir.1979) (National Labor Relations Act); *National Treasury Employees Union v. FLRA,* 810 F.2d 295 (D.C.Cir.1987) (Federal Service Labor–Management Relations Act).

The District's response to this clear congressional mandate is essentially threefold. First, it contends that it made a "good faith" effort to comply with the FLSA. This argument is unavailing, since good faith is not a defense to a violation of the FLSA's overtime provisions. *Donovan v. Carls Drug Co.,* 703 F.2d at 652 ("There is no separate requirement that employers know that they have violated a specific provision of the Act because such a rule would encourage employers to remain ignorant of FLSA rather than energetically to comply with it"); *Retail Store Employees Union Local 400 v. Drug Fair–Community Drug Co.,* 307 F.Supp. 473, 479 (D.D.C. 1969) (good faith reliance "does not exonerate Drug Fair from liability for overtime compensation"); *Lerwill v. Inflight Services, Inc.,* 379 F.Supp. 690, 696 (N.D.Cal. 1974) ("good faith does not justify the wrongful withholding by an employer of overtime pay"), *aff'd on other grounds,* 582 F.2d 507 (9th Cir.1978).[5] Second, the District claims that its conduct should be upheld as consistent with its routine practice, begun before enactment of the 1985 FLSA amendments, of substituting compensatory time off for monetary overtime payments. This argument is equally unpersuasive. First, the District does not even hint that plaintiffs' certified bargaining representative acceded to this "tacit understanding," as he must under the FLSA's amended overtime provisions. 29 U.S.C. § 207(*o*). Moreover, the "regular practices" exception to the FLSA overtime provisions applies only in the context of employees who are not subject to a collective bargaining agreement or other understanding ratified by the employees' bargaining representative. 29 U.S.C. § 207(*o*)(2). Since plaintiffs and the District were mutually bound by such a bargaining agreement, the District's prior practices and the parties' "tacit understanding" are relevant only insofar as they are reflected in, and consistent with, the agreement then in effect.

Finally, the District contends that the 1986–87 Agreement did in fact provide for compensatory time off in lieu of monetary payments. The District refers to an oblique statement in a portion of the 1986–87 Agreement entitled "Court Time Pay," which provides that "The Department's current policy will remain in effect." Agreement, Article 31. The parties apparently agree that this provision authorizes the District to provide compensatory time off in lieu of monetary payments for overtime hours expended by officers for certain court appearances. *See* Plaintiffs' Reply at 2 (collective bargaining agreement does not authorize District's overtime policy, "except for certain court appearances"). In light of this provision, the court concludes that the District could, consistent with the FLSA, substitute time off for overtime pay, but *only* in the narrowly defined circumstances provided therein. This provision cannot be understood, as defendants urge, to sanction the payment of compensatory time off for service hours not expended in court appearances. To adopt such an interpretation would not only ignore the limited context in which the Agreement sanctioned such action, but would also violate the letter and spirit of the FLSA's

5. An employer's state of mind is only relevant to the question of whether a two-year of three-year statute of limitations applies to actions brought under the FLSA. *McLaughlin v. Richland Shoe Co.,* — U.S. —, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). This is due to the express use of the word "willful" in the statute of limitations provision governing FLSA actions, 29 U.S.C. § 255(a). No similar language is to be found in the FLSA's overtime provisions, either as they stood before or after the 1985 amendments.

**1216**

overtime provisions, which require that any use of compensatory time off be "pursuant to" an agreement.[6]

In short, this court can scarcely imagine a scenario in which public policy more clearly conflicts with federal statutory intent and purpose. The FLSA's amended overtime rules provide, in no uncertain terms, that public agencies are free to "pay" compensatory time off in lieu of monetary benefits, but may do so only if they bargain with their employees for such arrangements. There is no dispute here that plaintiffs were covered by a collective bargaining agreement, that the agreement did not authorize payment of compensatory time off for all overtime hours, and that the District did not implement its policy pursuant to an agreement reached with plaintiffs' certified representative. We need not decide whether application of D.C. Code § 1–612.3(d) in other contexts would also violate the FLSA. It is sufficient for present purposes to observe that as a direct result of District policy and practice, plaintiffs were deprived of monetary compensation to which they were legally entitled under the FLSA's overtime provisions.

*Conclusion*

For the foregoing reasons, we find that the District has failed to establish that its police sergeants are exempt from the FLSA's overtime provisions. In addition, the District contravened the FLSA's overtime provisions when it "paid" compensatory time off in lieu of monetary overtime benefits from April 15, 1986 to October 1, 1987, in the absence of a provision in the parties' collective bargaining agreement or another agreement providing for such substitution. The District was acting within its means, however, when it substituted compensatory time off for overtime hours expended by plaintiffs for court appearances. We have evaluated all of the Dis-

trict's arguments on each of these points, and consider those not expressly addressed above to be without merit. For these reasons, plaintiff's motion for partial summary judgment must be granted in part, and defendant's motion for partial summary judgment must be denied. The pivotal remaining issue in this case would appear to be the precise amount of overtime pay to which plaintiffs are entitled. This matter can be addressed at the parties' next status conference.

An order consistent with the foregoing has been entered this day.

---

**6.** As something of a desperate closing gesture, the District contends that it would suffer severe hardship if compelled to award plaintiffs monetary back pay for unpaid overtime compensation. In essence, the District requests this court to read into the FLSA overtime regulations a "hardship" exception. This we decline to do. Any hardship befalling the District is of its own doing, since no fair reading of the 1985 amendments could support the District's unilateral imposition upon plaintiffs of a compensatory time off policy. In any event, it is not for this court to sanction a result directly contrary to congressional intent and policy.