Edgar HARRIS, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, Defendant.

Civ. A. No. 88–2936.

United States District Court,
District of Columbia.

March 6, 1989.

---

## MEMORANDUM OPINION

FLANNERY, District Judge.

Plaintiffs, eleven supervisory housing inspectors in the District of Columbia's Department of Consumer and Regulatory Affairs, have moved for partial summary judgment on the issue of eligibility for overtime compensation under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 et seq. (1982). Plaintiffs here claim that a District leave policy that subjects their salaries, in certain circumstances, to deductions for absences of less than one day effectively entitles them to overtime compensation under the FLSA and its underlying regulations.

The District of Columbia ("the District") claims that these supervisory housing inspectors are outside the coverage of the FLSA under the Act's exemption for employees in "bona fide executive, administrative, or professional" capacities. 29 U.S.C. § 213(a)(1) (1982). Although conceding that its leave policy may "technically" violate the eligibility requirements defined by the Secretary of Labor for this exemption, the District argues that because no supervisory inspector's salary has ever been reduced under this leave policy the question of the exemption, absent a full consideration of plaintiffs' job duties, should remain open. For the reasons expressed below, the court agrees with the District's contention and therefore denies plaintiffs' motion for partial summary judgment.

### I

Plaintiffs filed this action on October 11, 1988, seeking an order declaring that they were entitled to overtime compensation un-der the FLSA and an award of backpay for all overtime since the FLSA was made applicable to the District. After consultation with counsel at a status call on January 9, 1989, the court issued an order setting forth a briefing schedule for a summary judgment motion designed to determine if plaintiffs were entitled to overtime compensation under the FLSA.[1]

Under the procedure outlined at the status call, the plaintiffs were initially to submit this motion for partial summary judgment on the question of whether these employees were "salaried" as defined in the regulations promulgated under the FLSA. The District concedes that if this court were to decide that plaintiffs were not "salaried" under the FLSA regulations, the plaintiffs would be covered by the FLSA and therefore entitled to overtime.[2] At this juncture in the case, no evidence of the plaintiffs' responsibilities or duties on the job is before the court.

### II

The coverage of state and local government employees under the Act has had a brief but rich history. After finding that the extension of FLSA coverage to state and local government employees was unconstitutional in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), the Supreme Court expressly overruled itself some nine years later in *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). Following this constitutional clarification, Congress passed legislation that effectively delayed the application of the FLSA's overtime provisions to states and localities until April 16, 1986. Fair Labor Standards Amendments of 1985, Pub.L. No. 99–150, 99 Stat. 787, 788–89.

The District of Columbia, and any Territory or possession of the United States, is covered by the FLSA. 29 U.S.C. § 203(c) (1982) ("State" means any State of the

---

1. *See* Order of January 9, 1989 (setting briefing schedule on applicability of the FLSA).

2. *See* Deft's Brief in Opp. at 2 n. 1 ("defendant is aware that an adverse ruling on the issue of plaintiffs' salaried status would moot any treatment of the actual duties performed by these individuals").

United States or the District of Columbia or any Territory or possession of the United States). The FLSA provides that covered employees shall receive overtime compensation for a workweek longer than forty hours "at a rate not less than one and one half times the regular rate at which he is employed." *Id.* § 207(a)(1). There are, however, a series of exemptions from the coverage of the Act's overtime provisions, including one for "any employee employed in a bona fide executive, administrative, or professional capacity ... (as such terms are defined and delimited from time to time by the regulations of the Secretary....)" *Id.* § 213(a)(1).

In the regulations issued by the Secretary of Labor under the Act, the definition of a bona fide executive, administrative, or professional employee includes a requirement that the employee be compensated "on a salary basis." [3] The regulations provide the following definition of a "salary basis":

> An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid in any workweek in which he performs no work.

29 C.F.R. § 541.118(a) (1987). Among the exceptions to this general policy, deductions are permitted for absences from work for more than a day for personal reasons [4] or in cases of sickness or disability if the deductions are made in accordance with a "bona fide plan policy or practice of providing compensation for loss of salary occasioned by both sickness and health." [5]

### III

Plaintiffs apparently concede that the majority of the District's leave policy does not violate these provisions. Specifically, the plaintiffs agree that the District's policy of charging absences of less than a day against the annual or sick leave of these Supervisory Inspectors does not violate the FLSA. Pltf's Reply Mem. at 3. The dispute here arises over the application of this same policy when a Supervisory Inspector is in a "leave status," that is, when the employee has exhausted his annual leave and has no other compensatory time available and for reasons other than sickness is forced to be absent from work for less than a day.[6] The District here concedes that under its leave policy that Inspector would be subject to a reduction in pay for the week in question. Deft's Mem. in Opp. at 4 n. 3.

---

**3.** 29 C.F.R. § 541.1(f) (1988) (executive employee must be "compensated on a salary basis"); § 541.2(e)(1) (administrative employee must be "compensated for his services on a salary or fee basis"); § 541.3(e) (professional employee must be "compensated for services on a salary or fee basis").

**4.** *Id.* § 541.118(a)(2).

**5.** *Id.* § 541.118(a)(3). The subsection continues: "Thus, if the employer's particular plan, policy or practice provides compensation for such absences, deductions for absences of a day or longer because of sickness or disability may be made by an employer before an employee has qualified under such a plan, policy or practice, and after he has exhausted his leave allowance required thereunder." *Id.*

**6.** Plaintiffs' argument emphasizes that annual (or vacation) leave must be exhausted. According to counsel at oral argument, the District's leave policy would charge an absence for less than one day due to sickness first against an employee's sick leave, if any, and then against the employee's remaining vacation time. The converse, however, is not true. Thus, an employee who misses less than a day of work for personal reasons but has no vacation time left for the year would be subject to a reduction in pay even if he had sick leave remaining for the year. The plaintiffs apparently urge this hypothetical as the more likely of the scenarios to result in an actual deduction from a Supervisory Housing Inspector's pay.

The plaintiffs make a straightforward argument based on this concession. They argue that because deductions are permitted from a salaried employee's pay only for absences from work "longer than a day," the District's leave policy that potentially subjects them to deductions from pay for absences from work for less than a day violates the Secretary's definition of "a salary basis." This violation, according to the plaintiffs, conclusively establishes that the exemption from the FLSA's overtime pay requirements for "bona fide executive, administrative or professional employees" does not apply to them.

The District, on the other hand, argues that there is *no evidence* in the record that any Supervisory Housing Inspector has suffered a reduction in pay under the "leave status" scenario described above. They argue that under a recent decision by Judge Revercomb and a private letter ruling issued by the Department of Labor's Wage and Hour Division, the best the plaintiffs should receive from this court is an order denying the exemption only in those pay periods when plaintiffs' pay has actually been docked for absences of less than a day.

### IV

The court finds controlling the underlying policy contained in the last of the exceptions to the Secretary's definition of a "salary basis" that provides: "The effect of making a deduction which is not permitted under these interpretations will *depend upon the facts in the particular case.*" 29 C.F.R. § 541.118(a)(6) (1987) (emphasis added). The implicit rule of the subsection, when read in its entirety, is to determine an employee's actual status under the Act based on the facts and circumstances surrounding an unauthorized deduction. Be-

cause the court is unable to perform such an analysis here as no deduction has actually been made, it will decline plaintiffs' invitation to declare them eligible for overtime compensation at this stage of the proceeding.[7]

This decision is supported by a recent letter ruling of the Department of Labor's Wage and Hour Division. Although acknowledging that deductions from pay similar to those potentially here would not comply with 29 C.F.R. sections 541.118(a)(2) and (3), the Division effectively ruled that the frequency of these deductions would determine the extent of the disqualification under the regulations.[8] The Division concluded:

> Where an occasional deduction that is not permitted by section 541.118 is made from the salary of an otherwise exempt employee, the exemption would be lost in that workweek when the deduction is made. However, if such deductions are regular and recurring, we would question whether the employee is actually paid "on a salary basis" and the exemption may be denied in all workweeks in which it is claimed, including those weeks where no deduction is claimed."[9]

Because the impermissible deductions here are even less frequent than occasional, this court cannot challenge the employer's claim that these employees are paid "on a salary basis" on this record.

Judge Revercomb also relied on this letter ruling in a recent decision denying overtime eligibility to another group of District employees who presented an identical argument under the FLSA. *District of Columbia Nurses' Association v. District of Columbia,* No. 87–1675 (D.D.C. Jan 28, 1988). In that case, Judge Revercomb ruled that thirty-nine nurses who otherwise qualified

---

7. The court concedes that the last portion of the exception in question implies that any unauthorized deductions must be renounced and repaid to an employee. *See* 29 C.F.R. § 541.118(a)(6) (1987) ("where a deduction is not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the fu-

ture"). However, the court notes that the District may well decide to take such action if and when an unauthorized deduction is taken against any of the plaintiffs.

8. U.S. Dep't of Labor, Wage and Hour Division, Letter Ruling of January 15, 1986.

9. *Id.*

as "bona fide professional employees" were not eligible for overtime compensation simply because their pay was subject to deduction when they were in a "leave status." *Id.* slip op. at 4. He concluded that because the impermissible deductions were made "only in occasional situation[s]" and the District's compensation scheme otherwise complied with the criteria of 29 C.F.R. § 541.118, the Nurses were paid "on a salary basis." [10]

The two cases relied upon by plaintiffs in supporting their claim are distinguishable. In the first, the court had under consideration both the question of impermissible deductions under the "salary basis" definition *and* the question of the plaintiffs' job functions under the definition of "bona fide administrative employees." *D'Camera v. District of Columbia,* 693 F.Supp. 1208, 1210–12 (D.D.C.1988) (court finds that plaintiffs do not qualify as "bona fide administrative employees"). In the second, the court failed to acknowledge the policy evinced in the letter ruling quoted above and apparently credited other evidence demonstrating that the plaintiffs were paid on an hourly basis. *Knecht v. City of Redwood City,* 683 F.Supp. 1307, 1311–12 (N.D.Cal.1987) (overtime pay credited on a tenth of an hour basis; plaintiffs must account for every hour on duty or leave on time sheets).[11]

There is no evidence here of plaintiffs' job descriptions. Furthermore, plaintiffs do not point to any other evidence that might indicate that they are actually hourly employees. Instead we are presented with the prospect of only hypothetical deductions that may or may not ever be made. On this record, the court cannot find that the plaintiffs are eligible for overtime compensation under the FLSA.

The burden of proof in cases involving exemptions under the FLSA is on the employer "to meet every aspect of the defini-

tion of an exempt employee." *D'Camera,* 693 F.Supp. at 1213 (quoting *Hodgson v. Barge, Waggoner & Sumner, Inc.,* 377 F.Supp. 842, 844 (M.D.Tenn.1972), *aff'd without opinion,* 477 F.2d 598 (6th Cir. 1973)). The court finds that the District has sustained its burden on the limited question presented here.

V

For these reasons, the plaintiffs' motion for partial summary judgment is denied. The parties are directed to submit additional motions concerning the job functions of these plaintiffs under the applicable standards for "bona fide executive, administrative or professional" as defined in the Department of Labor's regulations. An appropriate order accompanies this opinion.

---

**10.** *Nurses Association,* slip op. at 4. To support this result, Judge Revercomb referred to the same letter ruling and in effect concluded that the Nurses were deemed on a salary basis except in the weeks in which an improper deduction had been made. *Id.* at 4 n. 1.

**11.** In addition, the *Knecht* court failed to give sufficient weight to the fact that the offending deductions were also purely hypothetical, especially in light of the underlying policy in the Letter Ruling of January 15, 1986. *Knecht,* 683 F.Supp. at 1311 (referring to a different passage of the January 15, 1986 letter ruling).