**John J. HILBERT, Jr., et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civ. A. No. 90–2973.**

United States District Court,
District of Columbia.

Feb. 25, 1992.

James W. Pressler, Michael J. Riselli, Riselli & Pressler, P.C., Washington, D.C., for plaintiffs.

David S. Healy, Washington, D.C., for plaintiff-intervenors.

Ruthanne G. Miller, Asst. Corp. Counsel, Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

Plaintiffs in this action are captains and lieutenants in the Metropolitan Police Department. They brought suit seeking a declaratory judgment stating that they are entitled to overtime calculated under the criteria of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. They claim that the District of Columbia has violated the law by classifying them as "exempt" employees under the FLSA who are entitled to overtime at only the D.C. statutory rate and not the higher FLSA rate. They seek back pay from the time when the District of Columbia government was required to come into compliance with the FLSA (April 15, 1986) to the present. Four administrative staff members of the Metropolitan Police Department have been al-

lowed to intervene as plaintiffs.[1] They have settled their claims with the District of Columbia.

Plaintiffs have filed a motion for summary judgment. In a hearing held on December 11 and 12, 1991 and continued on February 7, 1992, the Court heard argument from the parties. As there is no genuine issue of material fact left in dispute, the case is appropriate for summary judgment.

## I. *Police Overtime in the District of Columbia*

The only dispute raised in this action is the rate of overtime pay the plaintiffs will receive. The District government acknowledges that under D.C.Code § 4–1104, plaintiffs are entitled to overtime compensation. That statute codifies a law originally enacted by Congress in 1965. *See* Pub.L. 89–282, 79 Stat. 1013 (1965). When the District of Columbia gained home rule, the statute was carried over and has since been recodified as part of the D.C.Code. The statute defines "officers and members" to include all employees of the Metropolitan Police Department. D.C.Code § 4–1104(a)(9). It goes on to say this:

> (c) All officially ordered or approved hours of work ... performed by officers and members in excess of the basic workweek in any administrative workweek, shall be considered as overtime work and shall be compensated for as provided by this section.

Compensation is given as follows: all employees of the Metropolitan Police Department class 5 and above (lieutenants and higher ranks), get overtime compensation at their regular hourly rate when an authorizing official designates their assignment a special event. *See* D.C.Code § 4–1104(d)(1)(B). (Privates and sergeants get time and a half.) Overtime compensation is given in the form of compensatory time for assignments to other events, *see* D.C.Code § 4–1104(f)(1), and may be paid as compensation at the regular hourly rate

if an application for compensatory time off is denied, *see* D.C.Code § 4–1104(f)(1)(B). All police officers, including the chief, get paid overtime under the statute.

As the District stated in Department of Personnel Manual Instruction 11B–4, "The FLSA, as amended, does not repeal, amend, or otherwise modify any existing District pay laws, regulations or collective bargaining agreement." The Instruction goes on to say that "To the extent that the FLSA would provide a greater benefit to a nonexempt employee ... than the benefit under other existing pay rules, the nonexempt employee is entitled to the FLSA benefit.... Exempt employees continue to be compensated for overtime work in accordance with existing policy." From these statements, it follows that the crucial legal question is whether or not the plaintiffs are exempt employees under the FLSA.

## II. *The FLSA*

The FLSA guarantees that employees are paid overtime at the rate of one and a half times their regular hourly pay. However, the statute identifies several categories of "exempt" employees to whom this and other requirements do not apply. The group of exempt personnel includes "any employee employed in a bona fide executive, administrative, or professional capacity...." 29 U.S.C. § 213(a)(1).

The Secretary of Labor has promulgated regulations that define two tests that are to be used to determine which employees are exempt as "bona fide executive, administrative or professional" personnel: the primary duties test, 29 C.F.R. 541.2(f), and the salary basis test, 29 C.F.R. 541.2(e). The primary duties test looks to the supervisory and executive nature of the employee's responsibilities. The salary basis test evaluates how the employee is compensated. An employee must pass both tests in order to be exempt from FLSA overtime requirements. *See Abshire v. County of Kern*, 908 F.2d 483 (9th Cir.1990); *D'Cam-*

---

1. The four intervenors are Earl S. Settlemire, Sadie G. Farrow, Barbara Jumper and Pearl A. Smith.

*era v. District of Columbia,* 693 F.Supp. 1208 (D.D.C.1988).

When the FLSA was originally enacted, there was a dispute as to whether the law applied to employees of state and local governments. In 1985 the Supreme Court decided *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), and made clear that the FLSA does apply to public employees. Congress quickly enacted legislation setting April 15, 1986 as the date when state and local governments had to be in compliance with the FLSA. The District of Columbia issued District Personnel Manual Instruction 11B-4 setting forth how the District planned to apply the FLSA to its employees. The District designated all police service positions at the rank of Sergeant and above as exempt employees.[2] This law suit contests that determination.

### III. *Application of the FLSA*

■ The District of Columbia argues that police captains and lieutenants are exempt from the overtime requirements of the FLSA as "bona fide administrative executive or professional" employees. The Court rejects this position and instead finds that application of the salary basis test makes it clear that these officers are not exempt and are entitled to overtime at FLSA prescribed rates. This is not the first time the District has misapplied the FLSA to police officers. It earlier sought to exempt police sergeants from the FLSA but was rebuffed when another judge of this court determined in *D'Camera v. District of Columbia,* 693 F.Supp. 1208 (D.D.C.1988) that sergeants were not exempt employees.

This Court finds that lieutenants and captains are similarly not exempt from the FLSA. Certainly the nature of the duties an employee performs is relevant when determining whether that employee is a "bona fide administrative, executive or professional" employee. The primary duties test incorporates these factors, but that test is not solely dispositive of the question.

Even if that test has been met, it has no bearing unless the salary basis test has also been satisfied. The purpose of the salary basis test is to determine whether employees are fulfilling a job on an hour to hour basis or a job function basis without regard to the time the employee is expending to perform his or her responsibilities. The Labor Department's regulation provides that "the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.118. It is clear from the District of Columbia statute, that all police work, even at the highest levels, is considered to be performed on an hour to hour basis. Unlike other categories of District employees, all employees of the Metropolitan Police Department are eligible for overtime compensation. Hence, under the salary basis test, the plaintiffs are nonexempt employees entitled to overtime as required by the FLSA.

The District argues that the FLSA is not meant to apply to every employee who is eligible for overtime under a public sector pay system. According to the District, it is intended to apply only to those employees who are nonexempt, meaning in this case those police officers who are not "bona fide administrative, executive or professional" personnel. Therefore, the District contends, the determination of whether an employee is exempt must be made irrespective of whether the employee qualifies for overtime outside the FLSA. That interpretation, however, cannot be squared with the statute or the salary basis test that is part of the administrative regulations.

The statute does not say that an employee's current pay plan may not be considered when determining whether that employee is exempt from the requirements of the FLSA. It simply defines the exemptions and leaves it to the Department of Labor to create more specific criteria. The Department of Labor, after notice and comment, decided that the method of paying an employee is a crucial element of the bona

2. The DPM instruction makes no reference to the Department of Labor regulations or to the

primary duties and salary basis tests contained therein.

fide administrative employee exemption, and it formulated that view into the salary basis test regulation. To say now that the fact an employee is eligible for overtime outside the parameters of the FLSA is irrelevant is to reject the salary basis test. Eligibility for overtime is a powerful indicator that an employee is *not* paid on a salary basis.

Defendants claim that if eligibility for overtime is taken into consideration, then the FLSA exemptions will become a nullity for many categories of employees. First of all, that contention is clearly overstating the case. Police officers receive their overtime under a special statute covering only police and fire personnel. In other parts of city government, not all employees may be guaranteed statutory overtime. Supervisory employees may work on a truly salaried basis. *See e.g., Harris v. District of Columbia,* 709 F.Supp. 238 (D.D.C.1989) (No evidence produced that housing inspectors are paid on hourly basis); *D.C. Nurses' Association v. District of Columbia,* No. 87–1675, 1988 WL 156191 (D.D.C. Jan 28, 1988) (some nurses are exempt from FLSA because pay deductions for leave though permissible are rare). Second, it may well be that the FLSA exemptions have special application to public sector employees. The Department of Labor has already had to adjust the salary basis test to accommodate the widely used practice of docking public employees' pay when less than a day of work is missed. *See* 56 Fed.Reg. 45824 (September 6, 1991) (interim regulations). Also, police and fire department jobs are unique. There are no comparable positions in the private sector. There is no indication that it was the explicit intent of Congress to exempt policemen or firefighters from the benefits of the FLSA. As the Federal government and the District have recognized in their own statutes, police and firefighters regardless of their positions or duties have been provided overtime pay because of the dangers and challenges they face in the discharge of very important public responsibilities.

The District takes the position that because the FLSA recognizes certain exemptions, there must be some employees who come within the exempted categories. The Court rejects this position and finds that the plaintiffs are entitled to back pay to cover the overtime to which they were entitled yet did not receive.

■ Plaintiffs filed this suit on December 6, 1990. They are seeking unpaid overtime compensation from April 15, 1986, the date the District was required to come into compliance with the Fair Labor Standards Act. The statute of limitations, 29 U.S.C. § 255(a) bars actions that are brought more than two years after they accrue. It extends the limitation period to three years for causes of action "arising out of a willful violation." The statute of limitations will allow plaintiffs to recover unpaid overtime for the two years before the date this action was filed: December 6, 1990. The plaintiffs may not recover unpaid overtime owed them prior to December 6, 1988 because the Court does not find that the District of Columbia has engaged in a "willful violation" of the FLSA. The District paid attention to the law and made good faith efforts to comply with its requirements. Although the District ultimately acted on the basis of an erroneous legal interpretation, it did not thwart settled law or recklessly disregard pertinent legal questions. *See McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988). As a result of this determination, the plaintiffs are not entitled to the longer limitations period. They shall receive unpaid overtime covering the period from December 6, 1988 to the present.

## IV. *Effect of the Interim Department of Labor Regulations*

The final issue this Court must decide is whether the interim regulations issued by the Department of Labor in September, 1991 have any effect on the outcome of this case. The Department of Labor has realized that certain problems have arisen in applying the salary basis test to public employees. Therefore, last September, it issued an interim regulation revising the application of the salary basis test to public

employees. That regulation states as follows:

§ 541.5d(a) A Federal, State or local government employee ("public employee") who otherwise meets the requirements of § 541.118 [3] shall not be disqualified from exemption ... on the basis that such employee is paid according to a pay system established by statute, ordinance, regulation or public policy under which the employee accrues personal leave and sick leave, and absent the use of such accrued leave (because the leave has been exhausted or by the employee's choice), requires the public employee's pay to be reduced ("leave without pay") for absences, for personal reasons or because of illness or injury, of less than one work-day.

*See* 56 Fed.Reg. 45824 (September 6, 1991). This regulation indicates that docking an employee's pay for absences of less than a day—a common requirement in public sector pay systems—will not prevent an employee from being treated as being paid "on a salary basis."

Defendant contends that this amendment makes clear that the plaintiffs in this case are exempted from the requirements of the FLSA at least prospectively. Defendant concludes that even if it is liable for some back pay for overtime, it has no liability after September 6, 1991. This argument hinges on the assumption that plaintiffs are not exempt from the FLSA by virtue of the salary basis test, because their pay is docked for absences of less than a day. That assumption is not relevant to this case. Plaintiffs are not exempt from the FLSA because they are guaranteed overtime on an hourly basis under a District of Columbia law. The law indicates that plaintiffs are not paid on a "salary basis." The interim regulation has no effect on that conclusion because it only addresses

what happens when a public employee takes leave or is otherwise absent for less than a day. As long as D.C.Code § 4–1104 is on the books, the plaintiffs in this case will fail the salary basis test. The Court will issue a declaratory judgment to that effect.

An appropriate judgment and order accompanies this opinion.

## ORDER

Having considered all the arguments presented by the parties, it is this 25 day of February, 1992, hereby

ORDERED that plaintiff's motion for summary judgment is granted. The defendant shall pay the plaintiffs the difference between the amount of overtime they would have received under the FLSA from December 6, 1988 until the day this order is filed and the amount plaintiffs actually received as overtime; and it is

FURTHER DECLARED that plaintiffs are not exempt employees within the meaning of 29 U.S.C. § 213(a)(1) and therefore are entitled to overtime as calculated under the FLSA; and it is

FURTHER ORDERED that the interim regulations issued by the Department of Labor on September 6, 1991 do not apply to the plaintiffs in this case.

---

3. § 541.118(a)(6)(ii) If ...

[A] the public employer has made no actual deductions from the pay of otherwise-exempt public employees for absences, for personal reasons or because of illness or injury, of less than one work-day before the effective date (i.e., September 6, 1991); or

[B] The employer reimburses any otherwise-exempt public employees for deductions from

salary that were made for absences, for personal reasons or because of illness or injury, of less than one work-day occurring before the effective date (i.e., September 6, 1991); then eligibility for exemption for public employees who otherwise meet the requirements of § 541.118 and who were subject to such pay system will not be defeated for failure to pay 'on a salary basis.'